THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Case No.: 
 2007-CP-10-0013
 Virendra
 Puniyani, Deceased Employees, and Rajkumari Puniyani, Claimant,
 
 

v.

 
 
 
 
 Avni Grocers,
 Employer, Defendant, and The South Carolina Uninsured Employers' Fund,
 Carriers,. 
 
 
 
 Case
 No.:2007-CP-10-0014
 
 Dharmendra
 Chaudhari, Husband of Anita Chaudhari, Respondent,
 
 
 

v.

 
 
 
 
 Avni Grocers,
 Employer, Defendant,
 
 and
 
 The South
 Carolina Uninsured Employers' Fund, Carriers, Appellant.
 
 

Appeal From Charleston County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No.  2010-UP-316
Heard March 2, 2010  Filed June 21, 2010

APPEAL DISMISSED

 
 
 
 Latonya Dilligard Edwards, S.C. Second
 Injury Fund, of Columbia, and Terri Morrill Lynch, Matthew J. Story, Margaret
 M. Urbanic, all of Charleston, for Appellant.
 Jarrel L. Wigger of N. Charleston, and John
 S. Nichols of Columbia, for Respondent.
 
 
 

PER CURIAM: The
 South Carolina Uninsured Employers' Fund (Fund) appeals the order of the
 circuit court, which reversed the decision of the South Carolina Workers' Compensation
 Commission (Commission) denying benefits to Dharmendra Chaudhari, husband of
 deceased employee Anita Chaudhari and remanded the case to the Commission.  We
 find the order on appeal is not immediately appealable and therefore dismiss.  
FACTS/PROCEDURAL HISTORY
 

On November 14, 2002, Anita
 Chaudhari was killed by a co-worker while working at the Fast Point Gas
 Station.  Mr. Chaudhari brought this action seeking workers' compensation
 benefits.  As the Employer, Avni Grocers, did not have workers' compensation
 insurance, the Fund defended the action.  The single commissioner held Mr.
 Chaudhari failed to prove Avni Grocers regularly employed four or more
 employees as required by section 42-1-150 of the South Carolina Code (1985) to
 be subject to the jurisdiction of the Commission.  The Appellate Panel of the
 Commission affirmed.  The circuit court, however, reversed and remanded the
 matter to the Commission for further proceedings consistent with its order. 
 This appeal followed.  
LAW/ANALYSIS
Mr. Chaudhari argues the
 order of the circuit court is not immediately appealable.  We agree.
Our courts have consistently
 held that an order of the circuit court remanding a case for additional
 proceedings before an administrative agency is not directly appealable.  Montjoy
 v. Asten-Hill Dryer Fabrics, 316 S.C. 52, 52, 446 S.E.2d 618, 618 (1994).  The
 South Carolina Supreme Court recently reiterated that appeals from
 administrative agencies may only be from final decisions.  Charlotte-Mecklenburg
 Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control, S.C. Sup. Ct.
 Order dated April 8, 2010 (Shearouse Adv. Sh. No. 14 at 85).  It explained the
 general appealability statute, section 14-3-330 of the South Carolina Code
 (1976 & Supp. 2009), does not apply to appeals from administrative
 agencies.  Id. at 87.  The court overruled this court's opinion Canteen
 v. McLeod Regional Medical Center, 384 S.C. 617, 682 S.E.2d 504 (Ct. App.
 2009) to the extent it relied on section 14-3-330 to permit the appeal of
 interlocutory orders of the administrative law court or an administrative
 agency.[1]  Id.  
A judgment is not final when
 there is some further act that must be done by the court prior to a determination
 of the rights of the parties or when the judgment determines the applicable law
 while leaving open questions of fact.  Id. at 88.  "A final
 judgment disposes of the whole subject matter of the action or terminates the
 particular proceeding or action, leaving nothing to be done but to enforce by
 execution what has been determined."  Id.  
The order on appeal remands
 the matter to the Commission for further proceedings.  It is not a final
 judgment.  Thus, the order is not immediately appealable.  
APPEAL DISMISSED.  
FEW, C.J., and HUFF and
 THOMAS, JJ., concur.

[1] It also overruled Oakwood Landfill, Inc. v. South
 Carolina Department of Health and Environmental Control, 381 S.C. 120, 671
 S.E.2d 646 (Ct. App. 2009).