1941

Anthony GREEN, Respondent v. CITY OF COLUMBIA, Appellant.

(427 S.E. (2d) 685)

Court of Appeals

*Kenneth E. Gaines,* of *City Attorney's Office,* Columbia, *for appellant.*

*Marvin G. Frierson,* Columbia, *for respondent.*

Submitted June 18, 1992.

Decided Feb. 16, 1993.

*Per Curiam:*

Anthony Green applied for worker's compensation benefits for an injury arising out of the scope of his employment with the City of Columbia's fire department. The single commissioner required Green to elect between pursuing a claim under S.C. Code Ann. § 42-9-20 (1976) (wage loss for general disability) or § 42-9-30 (1976) (compensation for disability to scheduled member), and Green elected to proceed under § 42-9-20.[1] The commissioner denied Green benefits and he filed an application for full commission review. S.C. Code Ann. § 42-17-50 (1976).

Green's application did not assert error in the single commissioner forcing him to elect between a claim under § 42-9-20 or § 42-9-30. However, the full commission *sua sponte* held the election was an error of law. The full commission affirmed the denial of benefits under § 42-9-20 but remanded to the single commissioner for a new hearing to determine any benefits due under § 42-9-30.

The City appealed to the circuit court, claiming the commission's ruling exceeded the scope of the issues before it since Green had not raised the election in his application for review. The circuit court dismissed the appeal, however, finding the commission's remand order was interlocutory and not appealable. The City appeals. We reverse and remand.

An appeal to the circuit court will not lie from an interlocutory order of the Workers' Compensation Commission unless such order affects the merits or deprives

---

[1] In her order, the single commissioner stated that Green's counsel did not object to the election.

the appellant of a substantial right. *Chastain v. Spartan Mills*, 228 S.C. 61, 88 S.E. (2d) 836 (1955). An order involves the merits if it finally determines some substantial matter forming the whole or part of some cause of action or defense in the case. *Henderson v. Wyatt*, 8 S.C. 112 (1877). The issue is thus whether the commission's order *sua sponte* reversing the election issue involved the merits of the case so as to be immediately appealable to the circuit court. We hold that it did.

The findings of fact and law by the hearing commissioner become and are the law of the case, unless within the scope of the appellant's exception to the full commission and its notice to the respondent of the issues the respondent would be required to meet. *Ham v. Mullins Lumber Co.*, 193 S.C. 66, 7 S.E. (2d) 712 (1940). Due process requires that litigants receive notice of the issues to be met on trial, hearing or appeal. *Id.* Only issues within the application for review under S.C. Code Ann. § 42-17-50 (1976) are preserved for appeal to the commission. *Id.* (citing Section 59 of the Workmen's Compensation Act, which contained the identical language as § 42-17-50).

Here, the single commissioner required the election, and that ruling became the law of the case, even though it may have been in error.[2] The City could therefore rely on the fact that it did not have to address the election issue on review by the full commission. The full commission's reversal and remand had the effect of finally determining a substantial matter forming part of a defense the City had available, that is, that the election issue was the law of the case and Green could not pursue benefits under § 42-9-30. Thus, the full commission's action affected the merits and was immediately appealable. The circuit court should have addressed the merits of the City's appeal.

---

[2] In *Fields v. Owens-Corning Fiberglas*, 301 S.C. 554, 393 S.E. (2d) 172 (1990), the Supreme Court stated that a claimant may proceed under § 42-9-10 or § 42-9-20 to prove a general disability, or "alternatively, he or she may proceed under § 42-9-30 to prove a loss, or loss of use of, a member, organ, or part of the body for which specific awards are listed in the statute." The Supreme Court did not hold that the remedies afforded by these sections were mutually exclusive. In fact, the implication is that the remedies available under § 42-9-30 are also available under §§ 42-9-10 or 42-9-20. To recover under the general disability sections, however, the claimant must prove a loss of earning capacity, while recovery under the scheduled loss statute does not require such a showing. *Fields.*

Furthermore, the circuit court should have reversed the full commission's order as affected by an error of law, made upon unlawful procedure or characterized by an abuse of discretion. S.C. Code Ann. § 1-23-380(g)(3), (4), or (6) (1986). The full commission did not have authority to reach the election issue because Green did not raise it in his application for review. *Ham v. Mullins Lumber*, 193 S.C. 66, 7 S.E. (2d) 712 (1940). Accordingly, the circuit court's order dismissing the appeal is reversed and the case is remanded for entry of judgment consistent with this opinion.

Reversed and remanded.

