623 S.E.2d 870

**Sharon L. BRUNSON, Appellant,**

v.

**AMERICAN KOYO BEARINGS, Employer, and Tokio Marine and Fire Ins. Co., Carrier, Respondents.**

**No. 4051.**

Court of Appeals of South Carolina.

Nov. 28, 2005.

Submitted Sept. 1, 2005.

Decided Nov. 28, 2005.

Rehearing Denied Jan. 19, 2006.

jurisdiction expressly conferred, do not depend upon express constitutional or legislative grant").

162

Vernon F. Dunbar, of Greenville, for Appellant.

Andrea Pope, of Columbia, for Respondents.

KITTREDGE, J.:

This is an appeal from an interlocutory order of the Workers' Compensation Commission. American Koyo Bearings and its insurance carrier, Tokio Marine and Fire Insurance Company, (collectively "Employer") appealed from an adverse ruling of the single commissioner to an appellate panel of the Commission. The Commission vacated the single commissioner's order and remanded for a de novo hearing. The claimant, Sharon Brunson, appealed from the Commission's remand order to the circuit court, which dismissed the appeal as interlocutory. We find this interlocutory order is not immediately appealable and join the circuit court in dismissing the appeal.

## FACTS/PROCEDURAL HISTORY

Brunson worked for American Koyo Bearings for approximately three years on an assembly line—where she was exposed to chemicals—sorting and cleaning parts. Brunson filed a Form 50 claiming that she developed contact dermatitis to her hands, arms, and other body parts as a consequence of her employment duties. She further contended that she sustained injuries to her lungs, throat, voice box, vocal cords, nasal passages, and head arising from the scope of her employment.

In response, Employer filed a Form 51 admitting that Brunson suffered from contact dermatitis, and further acknowledging the injury was compensable. However, Employer denied any permanent impairment and further denied injury to the other body parts.

The single commissioner determined that Brunson sustained multiple injuries by accident in the course of her employment, including the finding that Brunson suffered or contracted an occupational disease with respect to her dermatitis and respiratory problems. As a result, Employer was ordered to pay temporary total disability benefits plus all causally related medical treatment and treatment recommended by Brunson's physicians.

Employer sought review by the Commission. In its application for review and supporting memorandum, Employer did not challenge the compensability of the contact dermatitis. The Commission vacated the single commissioner's order and remanded for a de novo hearing.

Brunson appealed to the circuit court, arguing that certain findings made by the single commissioner were not cited as grounds for appeal and consequently should not be revisited on remand. The circuit court ruled the Commission's order interlocutory and not immediately appealable on the basis that the remand order neither affected the merits nor deprived Brunson of a substantial right. The appeal was therefore dismissed. We are now presented with the appealability of the Commission's interlocutory order and Brunson's claim that the Commission's order affected her substantial rights.

## LAW/ANALYSIS

 South Carolina adheres to the final judgment rule. Accordingly, with certain exceptions, an appeal lies only from a final judgment. *Hagood v. Sommerville*, 362 S.C. 191, 194–195, 607 S.E.2d 707, 708 (2005); S.C.Code Ann. § 14–3–330(1) (1976 and Supp.2004); Rule 72, SCRCP; Rule 201(a), SCACR. By statute, an appeal from an interlocutory order is permitted in certain circumstances, including when the order is one "involving the merits ... [or] affecting a substantial right." S.C.Code Ann. § 14–3–330(1) and (2). Appeals from administrative bodies, such as the Workers' Compensation Commission, follow the same rules, such that an appeal will not lie from an interlocutory order of the Commission unless the order affects the merits or deprives the appellant of a substantial right.[1] *Green v. City of Columbia*, 311 S.C. 78, 79–80, 427 S.E.2d 685, 687 (Ct.App.1993). Orders from the Commission remanding a case to the single commissioner for further proceedings generally do not affect the merits and are not considered final. *Chastain v. Spartan Mills*, 228 S.C. 61, 65–67, 88 S.E.2d 836, 837–38 (1955).

 Brunson's claim of "substantial right" springs from the fact that Employer admitted the compensability of the contact dermatitis injury and took no exception to this ruling in the appeal to the Commission. Brunson apparently believes the de novo hearing before the single commissioner includes all issues, including those *not* challenged in Employer's appeal to the Commission. Brunson, however, is not required to relitigate unchallenged findings—which are the law of the case—including Employer's admission in connection with the contact dermatitis injury. "The findings of fact and law by the hearing commissioner become and are the law of the case, unless within the scope of the appellant's exception

---

1. Brunson attempts to raise numerous grounds on appeal beyond the appealability issue. However, the only ruling obtained from the circuit court relates to the appealability of the Commission's order. Thus, the remainder of the issues are not properly preserved for appeal. *See, e.g., Elam v. South Carolina Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779–780 (2004) (holding that issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court). Our dismissal of this appeal as interlocutory, in any event, precludes us from addressing the remaining issues.

to the full commission. . . ." *Green,* 311 S.C. at 80, 427 S.E.2d at 687. "Only issues within the application for review under S.C.Code Ann. § 42–17–50 (1976) are preserved for appeal to the commission." *Id.*

Employer candidly acknowledges in the final brief that remand to the single commissioner is limited to the "contested issues." *See Sellers v. Pinedale Residential Ctr.,* 350 S.C. 183, 189 n. 1, 564 S.E.2d 694, 697 n. 1 (Ct.App.2002) (stating that any issues not argued in the brief are deemed abandoned). As concerns the admitted injury, Employer concedes as follows:

> The contact dermatitis was admitted by the employer. Nothing in the full commission's order or the circuit court's order alters or eliminates that admission. Because the employer admits the contact dermatitis is compensable, the claimant may request medical treatment at any time from the employer. Therefore, any unappealed finding regarding medical treatment or the compensability of the contact dermatitis does not affect the remand because it is already admitted.

Respondents' final brief at 10.

In light of the Commission's regrettably conclusory remand order, Brunson's reliance on *Green v. City of Columbia* is understandable, but nevertheless misplaced. There, the single commissioner required the employee to make an election of remedies under the Workers' Compensation Act, and the employee did not object. *Green,* 311 S.C. at 79, 427 S.E.2d at 686. The employee made the election, and the single commissioner denied benefits. *Id.* An appeal was made to the Commission, but no challenge was lodged with respect to election of remedies. The Commission, sua sponte, held the election requirement to be erroneous. *Id.* The Commission affirmed the denial of benefits but remanded the case for a hearing to determine if benefits were due under the other, previously abandoned claim. *Id.* The circuit court dismissed the appeal, finding the order interlocutory and not immediately appealable. *Green,* 311 S.C. at 79, 427 S.E.2d at 687.

We reversed and held the Commission's error in reaching an issue not raised in the application for review affected the

merits. *Green,* 311 S.C. at 80, 427 S.E.2d at 687. We therefore found the remand order immediately appealable.

Here, unlike *Green,* the Commission did not rule on any issue, but merely entered a remand order for a de novo hearing. Since the Commission's authority, by operation of law, extends only to those issues within the application for review, the hearing on remand is similarly restricted. In short, the compensability of Brunson's contact dermatitis is the law of the case, and thus the remand order neither involves the merits nor affects a substantial right.

## CONCLUSION

Since the remand to the single commissioner is limited to those matters included in Employer's appeal to the Commission, the compensability of Brunson's contact dermatitis claim will not be relitigated. Accordingly, the Commission's remand order neither involves the merits nor affects a substantial right. The circuit court correctly dismissed the appeal from this interlocutory order.

**APPEAL DISMISSED.**

HEARN, C.J., and STILWELL, J., concur.