682 S.E.2d 504

**Jennette CANTEEN, Appellant,**

v.

**McLEOD REGIONAL MEDICAL CENTER, Employer,**

and

**PHT Services, Ltd., Insurer, Respondents.**

**No. 4593.**

Court of Appeals of South Carolina.

Heard May 13, 2009.

Decided July 15, 2009.

Rehearing Denied Sept. 17, 2009.

618

Edward L. Graham, of Florence, for Appellant.

Walter H. Barefoot, of Florence and R. Hawthorne Barrett, of Columbia, for Respondents.

SHORT, J.

Jennette Canteen appeals from the circuit court's order dismissing her appeal and remanding the case to the jurisdictional commissioner of the Workers' Compensation Commission, arguing the court erred by: (1) failing to find the Workers' Compensation Commission's Appellate Panel's decision and order is immediately appealable; (2) failing to find Canteen suffered from asymptomatic Chiari I Malformation prior to July 2, 2001; (3) failing to find Canteen's injury aggravated her previously asymptomatic Chiari I Malformation; (4) finding no medical doctor provided evidence Canteen suffered a physical brain injury and disregarding the medical doctors' evidence; (5) disregarding evidence of Canteen's physical brain damage from herself and three neuropsychologists; (6) finding Dr. Kenneth Kammer's testimony concerning brain damage was equivocal; (7) failing to affirm the Single Commissioner's finding that evidence proved physical brain damage was causally related to Canteen's work injury; and (8) failing to affirm the Single Commissioner's award of lifetime compensation and lifetime medical care. We reverse and remand.

## FACTS

Canteen was working as a nurse at McLeod Regional Medical Center (McLeod) when she fell in the operating room on July 2, 2001. As a result of the fall, Canteen claimed she injured her right knee, right leg, cervical spine, head, brain, right arm, and right wrist. Canteen also claimed she suffered from mental injuries, psychological problems, exacerbation of Chiari I Malformation, hemiparesis following Chiari I Malformation surgery, and bladder incontinence. Although Canteen returned to work after the fall, she claimed she was unable to perform all of her duties, leading to her resignation. Sometime after the accident, she claimed she began having headaches and experienced a "clicking" sound when she moved her head. In February 2003, one of Canteen's doctors, Dr. Ken-

neth Kammer, diagnosed her with Chiari I Malformation, a condition where the "cerebellar tonsils protrude down through the foramen magnum into the cervical spinal canal." [1] However, evidence was also presented by two other doctors [2] that disputed the Chiari I Malformation diagnosis. Canteen claimed she was totally and permanently disabled with physical brain damage; thus, she was entitled to lifetime compensation and medical care. McLeod admitted the injuries to Canteen's right knee and cervical spine; however, they denied Canteen had Chiari I Malformation and that the Chiari I Malformation decompression surgery was related to her work accident.

After a hearing, the Single Commissioner granted Canteen all of her requested relief and concluded Canteen suffered a brain injury during her fall. Specifically, the Single Commissioner determined Canteen's accident caused her pre-existing Chiari I Malformation to become symptomatic. McLeod appealed only the Single Commissioner's findings that Canteen suffered a brain injury and that the accident triggered her Chiari I Malformation symptoms. The Appellate Panel of the Worker's Compensation Commission reversed the Single Commissioner's findings concerning Canteen's brain injury and remanded the case to the Single Commissioner for a determination of permanency to body parts other than Canteen's brain. Canteen appealed the finding of the brain injury to the circuit court prior to the proceedings before the Single Commissioner regarding the remanded issues. McLeod filed a motion to dismiss based on lack of subject matter jurisdiction, arguing the appeal was interlocutory because the Appellate Panel had remanded the case to the Single Commissioner for further proceedings. The circuit court granted McLeod's motion to dismiss, concluding the court did not have jurisdiction, and dismissed the appeal without prejudice. This appeal followed.

---

1. Dr. Robert Braham stated that in his professional opinion, Canteen experienced a physical injury to her brain when she fell at work.

2. Dr. Samuel McCown and Dr. Byron Bailey testified they did not believe Canteen suffered from Chiari I Malformation; however, the Single Commissioner found Dr. Kammer to be more credible.

## LAW/ANALYSIS

■ Canteen argues the circuit court erred in finding the Appellate Panel's order was not immediately appealable. We agree.

■ "An appeal to the circuit court will not lie from an interlocutory order of the Workers' Compensation Commission unless such order affects the merits or deprives the appellant of a substantial right." *Green v. City of Columbia,* 311 S.C. 78, 79–80, 427 S.E.2d 685, 687 (Ct.App.1993). "An order involves the merits if it finally determines some substantial matter forming the whole or part of some cause of action or defense in the case." *Id.*

In *Green v. City of Columbia,* the issue was whether the Workers' Compensation Commission's order *sua sponte* reversing the election of claims issue involved the merits of the case so as to be immediately appealable to the circuit court. 311 S.C. at 80, 427 S.E.2d at 687. This court found that because the Single Commissioner required the election, that ruling became the law of the case, and the City could therefore rely on the fact that it did not have to address the election issue on review by the Appellate Panel. *Id.* Thus, this court determined the Appellate Panel's reversal and remand had the effect of finally determining a substantial matter forming part of a defense the City had available because the election issue was the law of the case and Green could not pursue benefits under the statute. *Id.* Therefore, the Appellate Panel's action affected the merits and was immediately appealable, and the circuit court should have addressed the merits of the City's appeal. *Id.*

We also find *Brown v. Greenwood Mills, Inc.,* 366 S.C. 379, 382, 622 S.E.2d 546, 548 (Ct.App.2005), *cert. denied,* January 31, 2007, and *Foggie v. General Electric,* 376 S.C. 384, 388, 656 S.E.2d 395, 398 (Ct.App.2008), to be helpful in determining when an order involves the merits, thus making an issue immediately appealable.[3]

---

**3.** We find *Brown* and *Foggie* helpful even though we recognize that both cases involve remands from the circuit court to the Appellate Panel, unlike in this case where the remand was from the Appellate Panel to the Single Commissioner.

■ In *Brown v. Greenwood Mills, Inc.*, the Workers' Compensation Commission awarded benefits to Brown for an occupational lung disease. 366 S.C. at 382, 622 S.E.2d at 548. The circuit court affirmed the Commission on compensability, but found the Commission should have allocated a portion of Brown's disease to his long history of smoking and remanded for allocation. *Id.* at 382–83, 622 S.E.2d at 548–49. The remand included "specific direction to make the necessary findings as to the apportionment. . . ." *Id.* at 386, 622 S.E.2d at 550. This court addressed the appealability of the order:

> Generally, an order is a final judgment on one or more issues if it constitutes an ultimate decision on the merits. In *Owens v. Canal Wood Corp.*, 281 S.C. 491, 316 S.E.2d 385 (1984), one of the two cases cited by the *Montjoy* court, the supreme court found "[t]he order of the circuit court *does not involve the merits of the action.* It is therefore interlocutory and not reviewable by this Court for lack of finality." *Owens,* 281 S.C. at 492, 316 S.E.2d at 385 (emphasis added) (citations omitted). Similarly, in *Hunt v. Whitt,* 279 S.C. 343, 306 S.E.2d 621 (1983), the supreme court held that "[b]ecause the interlocutory order of the circuit court *does not involve the merits* of the action, it is not reviewable by this Court for lack of finality." *Id.* (emphasis added) (citations omitted). Accordingly, in determining whether the court's order constitutes a final judgment, we must inquire whether the order finally decides an issue on the merits. "An order involves the merits if it finally determines some substantial matter forming the whole or part of some cause of action or defense in the case." *Green v. City of Columbia,* 311 S.C. 78, 427 S.E.2d 685 (Ct.App.1993) (citing *Henderson v. Wyatt,* 8 S.C. 112 (1877)). In the case *sub judice,* the order of the circuit court finally determined an issue on the merits—that Brown's smoking, a non-compensable cause, contributed to his disability. The court noted "the employer does have the burden of proving . . . the interplay of a non-compensable cause" and found "the employer clearly met that burden[.]" Consequently, the circuit court ruled that "the employer was entitled to a determination of the proportion allocable to the non-compensable cause[.]" The case was remanded, not for evaluation whether apportionment was appropriate, but "with specific di-

rection *to make the necessary findings as to the apportion-ment* between compensable versus non-compensable causes, *and a corresponding reduction* in the Claimant's disability award."

The court's order mandates apportionment. This ruling is a decision on the merits because it decides with finality whether Greenwood is required to reduce its compensation.... Although the judge left the percentage of apportionment to the commission on remand, the panel would have no choice but to allocate some part of Brown's disability to the noncompensable cause. Accordingly, the circuit court's order constitutes a final decision on the issue of apportionment and is appealable.

*Id.* at 387–88, 622 S.E.2d at 551 (emphasis in original).

In comparison, in *Foggie v. General Electric Co.,* also a workers' compensation case, this court held an order of the circuit court remanding a case for additional proceedings before an administrative agency is not directly appealable. 376 S.C. 384, 388, 656 S.E.2d 395, 398 (Ct.App.2008). However, we found "where the circuit court's order constitutes a final decision on the merits and the remand order has no effect on the finality of the decision, the order is immediately appealable." *Id.* at 389, 656 S.E.2d at 398.

In *Foggie,* the circuit court affirmed the Commission on two issues; however, the court remanded the case to the Commission to make determinations related to permanent total disability and credit for veteran's disability. *Id.* at 387, 656 S.E.2d at 397. This court distinguished *Foggie* from *Brown* because the order in *Brown* finally determined the issue on the merits—that the employee's smoking contributed to his disability—and the remand by the circuit court determined with finality whether there would be a reduction in compensation, leaving open only the determination of the percentage of apportionment for the Commission. *Id.* at 389, 656 S.E.2d at 398. Whereas, the order in the *Foggie* case was not a final decision on the merits because the circuit court did not make a final determination regarding whether or not the claimant was totally and permanently disabled and did not finally determine the employer's entitlement to the veteran's disability credit. *Id.* This court found that both of the remanded issues in

*Foggie* were matters within the purview of the Commission, and because the issues had not been properly considered by the Commission, the circuit court was correct in remanding the case. *Id.* at 390, 656 S.E.2d at 398. Moreover, the Commission was the ultimate fact finder, and the appellate court would have violated the governing APA statutes by reviewing the record and making factual findings on the remanded issues. *Id.* at 390, 656 S.E.2d at 398–99. Therefore, this court held the circuit court order remanding the two issues was not a final decision on the merits and, thus, was not immediately appealable. *Id.*

Here, the Appellate Panel reversed the Single Commissioner's specific findings concerning Canteen's brain injury and remanded the case to the Single Commissioner for a determination of permanency to body parts other than Canteen's brain. Thus, we find this case is similar to *Green* and *Brown* because the Appellate Panel finally determined the brain injury issue on the merits by denying compensation for Canteen's brain injury. Therefore, because the Appellate Panel ruled on that issue, there was a final agency decision on the merits in this case and Canteen exhausted all of her administrative remedies.[4] As a result, the Appellate Panel's order was not interlocutory as to the ruling on Canteen's brain injury. Because this issue is dispositive of the case, we do not reach the merits of Canteen's remaining issues. *Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that if an appellate court's ruling on a particular issue is dispositive of an appeal, rulings on remaining issues are unnecessary).

## CONCLUSION

Accordingly, the circuit court's order dismissing Canteen's appeal is reversed, and the case is remanded to the circuit court for a determination on Canteen's brain injury.

**REVERSED AND REMANDED.**

WILLIAMS and LOCKEMY, JJ., concur.

---

4. South Carolina Code section 1–23–380 states that "[a] party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review." S.C.Code Ann. § 1–23–380 (Supp.2008).