692 S.E.2d 894

The CHARLOTTE–MECKLENBURG HOSPITAL AUTHORITY d/b/a Carolinas HealthCare System and Presbyterian Healthcare System d/b/a Presbyterian Hospital–York, LLC, Petitioners,

of whom Presbyterian Healthcare System d/b/a Presbyterian Hospital–York, LLC is Appellant/Respondent,

and the Charlotte–Mecklenburg Hospital Authority d/b/a Carolinas Healthcare System is Respondent/Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent,

and

Amisub of South Carolina, Inc. d/b/a Piedmont Healthcare System d/b/a Fort Mill Medical Center, Respondent/Appellant.

Supreme Court of South Carolina.

April 8, 2010.

ORDER

Petitioners and Respondent/Appellant Amisub of South Carolina, Inc. filed notices of appeal in the Court of Appeals from

an order of the Administrative Law Court (ALC) dated December 9, 2009. That order granted Amisub's motion for partial summary judgment, granted petitioners motion for summary judgment, and remanded the case to the Department of Health and Environmental Control (DHEC) for a determination as to which party, if any, was entitled to a certificate of need. The Court of Appeals consolidated the appeals.

Petitioner Presbyterian Healthcare System has now filed a motion to certify the appeals to this Court pursuant to Rule 204(b), SCACR, and a motion to expedite the proceedings. Neither Petitioner Charlotte–Mecklenburg Hospital Authority nor Amisub oppose the motions. We hereby certify the appeals to this Court pursuant to Rule 204(b), SCACR. However, we dismiss the appeals because the order of the ALC is not immediately appealable.

The right of appeal arises from and is controlled by statutory law. *Ex parte Capital U–Drive–It, Inc.*, 369 S.C. 1, 630 S.E.2d 464 (2006). South Carolina Code Ann. § 14–3–330(1) (1976) provides that an interlocutory order is immediately appealable if it involves the merits. However, where there is a specialized statute, § 14–3–330 does not govern the right to review. *Ex parte Capital U–Drive–It, Inc., supra.*

South Carolina Code Ann. § 1–23–610(A)(1) (Supp.2009) provides that judicial review may only be sought from a ***final*** decision of the ALC. Therefore, although § 14–3–330 permits appeals from interlocutory orders which involve the merits, that section is inapplicable in cases where a party seeks review of a decision of the ALC because the more specific statute, § 1–23–610, limits review to final decisions of the ALC. *Ex parte Capital U–Drive–It, Inc., supra. See also Spectre, LLC v. S.C. Carolina Dep't of Health and Envtl. Control*, 386 S.C. 357, 688 S.E.2d 844 (2010) (a specific statute prevails over a more general statute). To the extent *Canteen v. McLeod Reg'l Med. Ctr.*, 384 S.C. 617, 682 S.E.2d 504 (Ct.App.2009). and *Oakwood Landfill, Inc. v. S.C. Dep't of Health and Envtl. Control*, 381 S.C. 120, 671 S.E.2d 646 (Ct.App.2009), rely on § 14–3–330 to permit the appeal of interlocutory orders of the ALC or an administrative agency, those cases are overruled.

The order of the ALC in this case is not a final order. If there is some further act which must be done by the court prior to a determination of the rights of the parties, the order is interlocutory. *Hooper v. Rockwell,* 334 S.C. 281, 513 S.E.2d 358 (1999); *Mid–State Distributors, Inc. v. Century Importers, Inc.,* 310 S.C. 330, 426 S.E.2d 777 (1993); *Adickes v. Allison & Bratton,* 21 S.C. 245 (1884). A judgment which determines the applicable law, but leaves open questions of fact, is not a final judgment. *Hooper v. Rockwell, supra; Mid–State Distributors, Inc. v. Century Importers, Inc., supra; Good v. Hartford Accident & Indemnity Co.,* 201 S.C. 32, 21 S.E.2d 209 (1942). A final judgment disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined. *Good v. Hartford Accident & Indemnity Co., supra.*

The ALC's order upholds DHEC's finding that Amisub was a competing applicant for the certificate of need at issue in this matter. However, the ALC found DHEC erroneously interpreted the State Health Plan to allow only existing providers to obtain a certificate of need. Based on this finding, the ALC remanded the matter to DHEC to determine whether any of the applicants were entitled to the certificate of need. Although the ALC decided questions of law involved in this matter, a final determination as to the certificate of need has not been made. Therefore, the order of the ALC is interlocutory and is not a final decision which is immediately appealable under § 1–23–610. Accordingly, we dismiss this matter.

IT IS SO ORDERED.

/s/ Jean H. Toal, C.J.

/s/ Costa M. Pleicones, J.

/s/ Donald W. Beatty, J.

/s/ John W. Kittredge, J.

/s/ Kaye G. Hearn, J.