706 S.E.2d 34

**Leslie M. LONG, Respondent,**

v.

**SEALED AIR CORPORATION, Employer, Liberty Insurance Corporation, Carrier, Appellants.**

**No. 4783.**

Court of Appeals of South Carolina.

Heard Sept. 16, 2010.

Decided Jan. 26, 2011.

Jeffrey S. Jones, of Greenville, for Appellants.

R. Scott Dover, of Pickens, for Respondent.

FEW, C.J.

Leslie Long commenced this workers' compensation action alleging an injury to her cervical spine while working for Sealed Air Corporation. The single commissioner held Long failed to report the injury within ninety days as required by section 42–15–20 of the South Carolina Code (Supp.2010). An appellate panel of the Workers' Compensation Commission affirmed. Initially, the circuit court affirmed. However, Long filed a motion for reconsideration, which the circuit court granted. In its reconsideration order, the circuit court found Long complied with the notice requirement, reversed the appellate panel, and remanded "for further investigation." Sealed Air and its carrier Liberty Insurance Corporation appeal the circuit court's order. We dismiss the appeal because the circuit court's order is not immediately appealable.

In *Montjoy v. Asten–Hill Dryer Fabrics*, 316 S.C. 52, 446 S.E.2d 618 (1994), our supreme court dismissed an appeal from a circuit court order remanding to the Workers' Compensation Commission and stated "we have consistently held that an order of the circuit court remanding a case for additional proceedings before an administrative agency is not directly appealable." 316 S.C. at 52, 446 S.E.2d at 618. In *Leviner v. Sonoco Products Co.*, 339 S.C. 492, 530 S.E.2d 127 (2000), the supreme court cited *Montjoy* in dismissing a circuit court order remanding to the commission even though the supreme court characterized the order as "final." The court

stated: "While final, this order was not directly appealable since it remanded the matter to the single commissioner for further proceedings." 339 S.C. at 494, 530 S.E.2d at 128. As we have been required to do, this court has consistently followed *Montjoy* when deciding the appealability of circuit court orders in workers' compensation cases. *See, e.g., Foggie v. Gen. Elec.*, 376 S.C. 384, 388, 656 S.E.2d 395, 398 (Ct.App. 2008) (quoting above passage from *Montjoy* in holding remand order unappealable).

However, we have distinguished *Montjoy* in limited situations, which are not applicable on the facts of this case. In *Hicks v. Piedmont Cold Storage, Inc.*, 324 S.C. 628, 479 S.E.2d 831 (Ct.App.1996),[1] this court found the circuit court's order remanding to the commission appealable because "additional proceedings [were] not required...." 324 S.C. at 632 n. 2, 479 S.E.2d at 834 n. 2. Noting the "order remanded the case merely for a mathematical calculation of death benefits, rather than for any judgment on the merits," this court stated "further proceedings on remand are purely ministerial and do not require the exercise of independent judgment or discretion on the part of the commission." *Id.*

In this case, the commission's finding that Long did not report the injury within the statutory notice period ended the action. Under the circuit court's order in this case, the commission must determine on remand whether the injury occurred during the scope and course of employment, set the claimant's average weekly wage and compensation rate, and answer other questions which may arise. Therefore, we find no basis on which to distinguish *Montjoy* as we did in *Hicks.* Rather, we find the commission must conduct additional proceedings before a final judgment is reached. Thus, *Montjoy* controls, and this order is not appealable.

We find support for this conclusion in the recent decision of *Charlotte–Mecklenburg Hospital Authority v. South Carolina Department of Health & Environmental Control,* 387 S.C. 265, 692 S.E.2d 894 (2010). In *Charlotte–Mecklenburg,* the

---

1. This court also distinguished *Montjoy* in *Brown v. Greenwood Mills, Inc.,* 366 S.C. 379, 622 S.E.2d 546 (Ct.App.2005). We discuss *Brown* below in light of the supreme court's recent decision in *Charlotte–Mecklenburg Hospital Authority v. South Carolina Department of Health & Environmental Control,* 387 S.C. 265, 692 S.E.2d 894 (2010).

supreme court dismissed an appeal from the Administrative Law Court because its order was "not a final decision which is immediately appealable under [section] 1–23–610 [of the South Carolina Code (Supp.2010)]." 387 S.C. at 267, 692 S.E.2d at 895. The court held that the general appealability provisions in section 14–3–330 of the South Carolina Code (1976), which sometimes allow appeal of interlocutory orders, are "inapplicable" because section 1–23–610 is a more specific statute and "limits review to final decisions of the ALC." 387 S.C. at 266, 692 S.E.2d at 894. The reasoning of *Charlotte–Mecklenburg* applies to appeals from the Workers' Compensation Commission, which are governed by section 1–23–380 of the South Carolina Code (Supp.2010). Like its ALC counterpart relied on in *Charlotte–Mecklenburg,* section 1–23–380 is a more specific statute that limits review to "a final decision...." *Id.*[2] Under the reasoning of *Charlotte–Mecklenburg* and in light of section 1–23–380, the general appealability provisions of section 14–3–330 are "inapplicable" to the extent they "permit the appeal of interlocutory orders of ... an administrative agency." 387 S.C. at 266, 692 S.E.2d at 894.

Further, *Charlotte–Mecklenburg* specifically overruled two decisions of this court in which we found interlocutory orders appealable under section 14–3–330. 387 S.C. at 266, 692 S.E.2d at 894. The court stated:

> To the extent *Canteen v. McLeod Regional Medical Center,* 384 S.C. 617, 682 S.E.2d 504 (Ct.App.2009) and *Oakwood Landfill, Inc. v. South Carolina Department of Health and Environmental Control,* [381] S.C. 120, 671 S.E.2d 646 (Ct.App.2009) rely on § 14–3–330 to permit the appeal of interlocutory orders of the ALC or an administrative agency, those cases are overruled.

387 S.C. at 266, 692 S.E.2d at 894. *Canteen* is an appeal from the Workers' Compensation Commission, 384 S.C. at 619, 682 S.E.2d at 504, and *Oakwood Landfill* is an appeal from the Board of the Department of Health and Environmental Control reviewing the decision of the ALC. 381 S.C. at 127, 671 S.E.2d at 650. In *Canteen* we quoted at length from this court's opinion in *Brown v. Greenwood Mills, Inc.,* 366 S.C.

---

2. *See also* S.C.Code Ann. § 1–23–390 (Supp.2010) (providing for review of a "final judgment" of the circuit court).

379, 622 S.E.2d 546 (Ct.App.2005). We relied on *Brown* in finding the order appealable, stating "we find this case is similar to ... *Brown* because the Appellate Panel finally determined the brain injury issue on the merits by denying compensation for Canteen's brain injury." [3] *Canteen*, 384 S.C. at 624, 682 S.E.2d at 507. As *Canteen* is based on the same reasoning as *Brown*, the supreme court's decision in *Charlotte–Mecklenburg* expressly overruling *Canteen* is at least an implicit rejection of *Brown*. In light of *Charlotte–Mecklenburg*, we can find no basis on which to distinguish any decisions, including *Brown*,[4] which rely on section 14–3–330 in finding a decision of the commission appealable. Accordingly, we believe the supreme court has effectively overruled *Brown*, and we will no longer apply it.

In this case, the order on appeal remands the case to the commission for additional proceedings. Accordingly, it is not a final judgment and the order is not immediately appealable. The order may be appealed after final judgment.

**APPEAL DISMISSED.**

HUFF, J. concurs.

GEATHERS, J. (dissenting).

Respectfully, I dissent. The majority dismisses this appeal on the ground that the circuit court's order is interlocutory. I disagree because I believe the circuit court's decision touches upon the merits and therefore constitutes a final judgment for purposes of our jurisdiction over a workers' compensation appeal. For a complete understanding of our jurisdiction in this matter, it is necessary to begin with the governing statute, S.C.Code Ann. § 1–23–390 (Supp.2010), and then to

---

3. We also relied on *Green v. City of Columbia*, 311 S.C. 78, 80, 427 S.E.2d 685, 687 (Ct.App.1993) (holding an interlocutory order appealable because it "involved the merits," without specifically mentioning section 14–3–330), decided before *Montjoy*.

4. We acknowledge that *Brown* does not specifically mention section 14–3–330. However, the *Brown* court's holding that the appealed order is a "final judgment" under section 1–23–390 is based on a finding that the order "involves the merits," a concept that is relevant only under section 14–3–330. 366 S.C. at 387, 622 S.E.2d at 551. Therefore, we believe *Brown* relies on section 14–3–330.

trace the evolution of published opinions interpreting this statute.

Section 1–23–390 states:

> An aggrieved party may obtain a review of a *final judgment* of the circuit court or the court of appeals pursuant to this article by taking an appeal in the manner provided by the South Carolina Appellate Court Rules as in other civil cases.

(emphasis added). Our supreme court quoted this statute in its opinion in *Montjoy v. Asten–Hill Dryer Fabrics;* however, in determining if the circuit court's order was appealable, the supreme court focused only on whether the order included language remanding the case for additional proceedings. 316 S.C. 52, 446 S.E.2d 618 (1994). The court did not expressly evaluate the nature of the issues raised on appeal. *Id.* Under section 1–23–390, it was logical for our supreme court to hold that a circuit court ruling remanding a case to the Commission was not immediately appealable when the appeal challenged only the propriety of the remand. *See Owens v. Canal Wood Corp.,* 281 S.C. 491, 491–92, 316 S.E.2d 385 (1984); *Hunt v. Whitt,* 279 S.C. 343, 343–44, 306 S.E.2d 621, 622 (1983). Such an appeal does not involve the merits of the case. On the other hand, a circuit court ruling on the merits has finality with respect to the issue decided and will become the law of the case if it is not immediately appealed.[5] Therefore, it is untenable to label such a ruling as interlocutory merely because it is accompanied by language remanding the case for further proceedings.

More recent published precedent, beginning with *Brown v. Greenwood Mills, Inc.,* has carefully scrutinized the language in remand orders, recognizing the benchmark set forth by *Montjoy*'s predecessors—whether an order "involves the merits"—and thus reaffirming the legislative intent behind the term "final judgment" as set forth in section 1–23–390:

---

5. *Cf. McLendon v. S.C. Dep't of Highways & Pub. Transp.,* 313 S.C. 525, 526 n. 2, 443 S.E.2d 539, 540 n. 2 (1994) (interpreting S.C.Code Ann. § 14–3–330 (1976 & Supp.1993) and holding that, like the denial of a motion for summary judgment, the denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings and, therefore, is not directly appealable).

The question here is whether the circuit court order is a "final judgment" under section 1-23-390. Generally, an order is a final judgment on one or more issues if it constitutes an ultimate decision on the merits. In *Owens v. Canal Wood Corp.*, 281 S.C. 491, 316 S.E.2d 385 (1984), one of the two cases cited by the *Montjoy* court,[6] the supreme court found the order of the circuit court does not involve the merits of the action. It is therefore interlocutory and not reviewable by this Court for lack of finality.

Similarly, in *Hunt v. Whitt*, 279 S.C. 343, 306 S.E.2d 621 (1983), the supreme court held that because the interlocutory order of the circuit court does not involve the merits of the action, it is not reviewable by this Court for lack of finality. Accordingly, in determining whether the court's order constitutes a final judgment, we must inquire whether the order finally decides an issue on the merits. *An order involves the merits if it finally determines some substantial matter forming the whole or part of some cause of action or defense in the case.*

366 S.C. 379, 387, 622 S.E.2d 546, 551 (Ct.App.2005) (internal citations and quotation marks omitted) (emphasis added); *see also Foggie v. Gen. Elec. Co.*, 376 S.C. 384, 389, 656 S.E.2d 395, 398 (Ct.App.2008) ("[W]here the circuit court's order constitutes a *final decision on the* merits and *the remand order has no effect on the finality of the decision*, the order is immediately appealable.") (emphases added).

This court followed the same analysis in *Mungo v. Rental Uniform Service of Florence, Inc.*:

This Court has held that an order of the circuit court remanding a case for additional proceedings before an administrative agency is not directly appealable. However, if the circuit court's order is a final judgment, then it is immediately appealable. Generally, an order is a final judgment *on one or more issues* if it constitutes an ultimate decision on the merits. *An order involves the merits if it finally determines some substantial matter forming the whole or part of some cause of action or defense in the case.*

6. *Montjoy*, 316 S.C. at 52, 446 S.E.2d at 618.

383 S.C. 270, 277–78, 678 S.E.2d 825, 829 (Ct.App.2009) (internal citations and quotation marks omitted) (emphases added).[7] The more recent interpretation of section 1–23–390 in *Brown* and *Mungo* properly carries out the legislature's intent because allowing an immediate appeal of *any* ultimate decision on the merits gives the appellant an opportunity to prevent the decision from becoming the law of the case. *See Unisun Ins. Co. v. Schmidt*, 339 S.C. 362, 368, 529 S.E.2d 280, 283 (2000) ("We will reject a statutory interpretation when to accept it would lead to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention."); *Foggie*, 376 S.C. at 391, 656 S.E.2d at 399 (Pieper, J., dissenting) ("[T]he circuit court did not merely remand for further proceedings, but finally determined the defense of set-off or credit that ultimately will be *binding on the parties* and the Commission on remand.") (emphasis added).

In comparison to section 1–23–390, section 14–3–330(1) implicitly recognizes the danger of a ruling on the merits becoming the law of the case. Subsection (1) of section 14–3–330 allows the appellate court to review a ruling involving the merits when it is not appealed until final judgment is entered on the entire case:

The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:

(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; *provided*, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any

---

7. The *Mungo* court found the circuit court's order, which reversed conclusions that the claimant had not proven a change of condition or entitlement to psychological benefits, was a "final judgment," despite the fact that it remanded the case to the single commissioner to determine the precise benefits owed to the claimant. 383 S.C. at 278, 678 S.E.2d at 829. The order decided "with finality whether [the] [c]laimant proved these changes in her condition" and, therefore, it was a "decision on the merits." *Id.* Notably, the supreme court denied certiorari in this case on April 8, 2010.

intermediate order or decree necessarily affecting the judgment not before appealed from[.]

Although section 1–23–390 has no such safeguard, in *Brunson v. American Koyo Bearings*, this court recognized the similarities between the application of 14–3–330 and that of statutes governing administrative law matters:

South Carolina adheres to the final judgment rule. Accordingly, with certain exceptions, an appeal lies only from a final judgment. By statute, an appeal from an interlocutory order is permitted in certain circumstances, including when the order is one involving the merits ... [or] affecting a substantial right. *Appeals from administrative bodies,* such as the Workers' Compensation Commission, *follow the same rules,* such that an appeal will not lie from an interlocutory order of the Commission unless the order affects the merits or deprives the appellant of a substantial right. Orders from the Commission remanding a case to the single commissioner for further proceedings *generally* do not affect the merits and are not considered final.

367 S.C. 161, 165, 623 S.E.2d 870, 872 (Ct.App.2005) (citations and quotation marks omitted) (emphases added).

In the present case, the majority relies on the supreme court's opinion in *Charlotte–Mecklenburg Hospital Authority v. South Carolina Department of Health and Environmental Control,* 387 S.C. 265, 692 S.E.2d 894 (2010), for the proposition that *Brown* is no longer good law. The majority reasons that because *Charlotte–Mecklenburg* overruled *Canteen v. McLeod Regional Medical Center,* 384 S.C. 617, 682 S.E.2d 504 (Ct.App.2009) and because *Canteen* relied on the analysis in *Brown, Charlotte–Mecklenburg* implicitly rejected *Brown.* Significantly, our supreme court denied certiorari in *Brown;* and, on the same day the court issued its opinion in *Charlotte–Mecklenburg,* it denied certiorari in *Mungo,* specifically declining to address this court's analyses in *Brown* and *Mungo* when it had the opportunity to do so.

Further, the *Charlotte–Mecklenburg* opinion states that the opinions in *Canteen* and *Oakwood Landfill, Inc. v. South Carolina Department of Health and Environmental Control* are overruled only *to the extent that they rely on section 14–3–*

*330* to permit the appeal of an administrative agency's interlocutory order:

> To the extent *Canteen v. McLeod Reg'l Med. Ctr.,* 384 S.C. 617, 682 S.E.2d 504 (Ct.App.2009) and *Oakwood Landfill, Inc. v. S.C. Dep't of Health and Envtl. Control,* 381 S.C. 120, 671 S.E.2d 646 (Ct.App.2009), *rely on § 14–3–330* to permit the appeal of interlocutory orders of the ALC or an administrative agency, those cases are overruled.

387 S.C. at 266, 692 S.E.2d at 894 (emphases added). Therefore, to the extent that *Canteen* and *Oakwood* do *not* rely on section 14–3–330, they are still good law. This includes their reliance on the definition of "final judgment" enunciated in *Brown.*

Because appeals from administrative bodies follow the same basic analysis in determining whether a ruling constitutes a "final judgment," [8] it is safe to assume that *Brown* and those workers' compensation opinions citing *Brown* do not incorrectly rely on section 14–3–330, but rather those opinions properly rely on section 1–23–390 and simply follow the same jurisprudence employed to interpret section 14–3–330. In fact, *Brown* does not cite section 14–3–330, but explicitly cites section 1–23–390 and defines the term "final judgment" as used in that statute.[9] *Charlotte–Mecklenburg,* on the other hand, does not address the appealability of a circuit court order under section 1–23–390, but rather examines the appealability of an administrative agency's order under another statute.

Applying our published case law interpreting section 1–23–390 to the present case, 1 would hold the circuit court's decision that Claimant gave timely notice of her accidental injury to Employer is the type of judgment that is an ultimate decision on the merits because it finally determines some substantial matter forming a defense available to Sealed Air.

---

**8.** *Brunson,* 367 S.C. at 165, 623 S.E.2d at 872.

**9.** The majority contends that *Brown* found a decision of the Commission appealable and that *Brown* relied on section 14–3–330. This is inaccurate. *Brown* found a decision of the *circuit court* appealable under section 1–23–390. Significantly, *Brown* also relied on case law cited by our supreme court in *Montjoy* to interpret 1–23–390. *See Brown,* 366 S.C. at 387, 622 S.E.2d at 551 (noting that the two cases cited by *Montjoy* determined appealability according to whether the order in question involved the merits).

*See Brown,* 366 S.C. at 387, 622 S.E.2d at 551 ("An order involves the merits if it finally determines some substantial matter forming the whole or part of some cause of action or defense in the case."). This is a final decision on the merits, and the remand language in the order has no effect on the finality of that decision. *See Foggie,* 376 S.C. at 389, 656 S.E.2d at 398 ("[W]here the circuit court's order constitutes a final decision on the merits and the remand order has no effect on the finality of the decision, the order is immediately appealable.").

The circuit court's order does not allow the Commission to pursue the issue of notice any further, and thus the decision is the law of the case unless immediately appealed. In other words, because the circuit court obviously meant for its decision on the issue of notice to be binding on the parties, it will become the law of the case if it is not immediately appealed. *Cf. McLendon,* 313 S.C. at 526 n. 2, 443 S.E.2d at 540 n. 2 (interpreting section 14–3–330 and holding that, like the denial of a motion for summary judgment, the denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings and, therefore, is not directly appealable); *Foggie,* 376 S.C. at 391, 656 S.E.2d at 399 (Pieper, J., dissenting) ("[T]he circuit court did not merely remand for further proceedings, but finally determined the defense of set-off or credit that ultimately will be *binding on the parties* and the Commission on remand.") (emphasis added). In enacting section 1–23–390, the legislature could not have possibly intended to preclude the immediate appeal of a determination that will otherwise become the law of the case when such a result would deny parties to administrative proceedings a meaningful opportunity to be heard.

Accordingly, I would address the merits of the instant case.