THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jerry Cypress, Appellant,
 
 
 

v.

 
 
 
 City of Charleston, Respondent.
 
 
 

 Appeal From Richland County
Appellate Panel, Workers Compensation
 Commission 

 Unpublished Opinion No. 2011-UP-366   
Submitted April 1, 2011  Filed July 12,
 2011

APPEAL DISMISSED

 
 
 
 Rhonda R.
 Jennings, of Charleston and Stephen B. Samuels, of Columbia, for Appellant.
 Johnnie W.
 Baxley, III, of Mount Pleasant, for Respondent.
 
 
 

PER
 CURIAM: Jerry
 Cypress (Cypress) appeals the Workers' Compensation Commission Appellate
 Panel's (Appellate Panel) decision to reverse and remand the Workers'
 Compensation Single Commissioner's (Single Commissioner) order.  Specifically,
 Cypress argues the Appellate Panel erred in (1) finding he failed to prove by a
 preponderance of the evidence that his depression was causally related to his
 heat exhaustion incident on August 4, 2007; (2) reversing the Single
 Commissioner's award that his claim was compensable as a scheduled member
 pursuant to section 42-9-30 of the South Carolina Code (Supp. 2010); and (3) remanding
 the issue of whether Cypress sustained wage loss under section 42-9-20 of the
 South Carolina Code (Supp. 2010).  We dismiss the appeal.[1]
Cypress,
 a firefighter with the City of Charleston, collapsed after suffering from heat
 exhaustion during a training exercise on August 4, 2007.  Cypress subsequently
 filed a Form 50.  The Single Commissioner found Cypress suffered a "14%
 permanent partial disability of the whole person" and awarded him workers'
 compensation benefits pursuant to section 42-9-30.  The Appellate Panel
 reversed and remanded the order of the Single Commissioner.  The Appellate
 Panel held a "whole person" disability is not an enumerated scheduled
 member under section 42-9-30, and as a result, the Single Commissioner's order
 was affected by an error of law.  The Appellate Panel remanded the issue of
 whether Cypress sustained wage loss under section 42-9-20 to the Single
 Commissioner.  
Because
 the Appellate Panel reversed and remanded the Single Commissioner's order for
 further proceedings on the merits, we dismiss this appeal as not immediately
 appealable.  Long v. Sealed Air Corp., 391 S.C. 483, 487, 706 S.E.2d 34,
 36 (Ct. App. 2011) (holding circuit court's order which remanded a workers'
 compensation order to the Appellate Panel for further proceedings was not
 immediately appealable).  However, the order may be appealed after final
 judgment.
APPEAL
 DISMISSED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.