THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ricky Watts, Respondent
 
 
 

v.

 
 
 
 C.M. Tucker
 Lumber Companies, Employer, and Palmetto Timber SI Fund/Walker Hunter and
 Associates, Inc., Carrier, Appellants.
 
 
 

Appeal From Chesterfield County
James E. Lockemy, Circuit Court Judge

Unpublished Opinion No. 2011-UP-370
 Submitted June 1, 2011  Filed July 21,
2011    

APPEAL DISMISSED

 
 
 
 W. Hugh McAngus, of Columbia, Weston
 Adams, III, Helen F. Hiser, and C. Edward Rawl, Jr., of Columbia, for Appellants.
 Gerald Malloy, of Hartsville, and Preston
 F. McDaniel, of Columbia, for Respondent.
 
 
 

PER CURIAM:  C.M.
 Tucker Lumber Companies, Employer, and Palmetto Timber S.I. Fund and Walker,
 Hunter & Associates, Carrier (collectively Employer) appeal the order of
 the circuit court remanding the case to the Workers' Compensation Commission to
 appoint an additional commissioner for de novo review.  We dismiss[1] the appeal because the circuit court's order is not immediately appealable.  
FACTS/PROCEDURAL HISTORY
Ricky Watts filed a Form 50
 alleging he was injured in a work-related accident on August 9, 2005 when a
 fork-lift operated by another employee collided with the one he was operating. 
 Watts stated he reported the accident to Employer that same day, reported on
 October 8, 2005 that he was being taken out of work by his doctor, and reported
 on October 20, 2005 that his injuries and medical problems were caused by the
 forklift accident.  He explained at the hearing his pain had worsened with
 time.  
The single commissioner held
 Watts had suffered a compensable injury to his lower back on August 9, 2005. 
 The commissioner noted: "This case boils down to whether [Watts's]
 credibility is such that it can overcome the delay in reporting the injury to
 his supervisor."  
Employer appealed and in a
 two to one decision, the Appellate Panel reversed.  In its order, the Panel
 explained Watts was not a credible witness.  It listed the evidence it found to
 support this finding on credibility as:

 the
 inconsistencies in [Watts's] testimony, his failure to report the injury to the
 Employer, his failure to report the injury to his physicians, his testimony
 regarding the circumstances of his medical problems at the produce stand he
 operates, his conversations with the Employer on his short form disability
 application, and on all the facts and circumstances surrounding this claim,
 including [Watts's] admission that he gave deceptive testimony . . . .

In addition to the above
 findings, Commissioner Susan Barden included in the order her own notes as to
 why she found Watts was not credible.  These notes provided in part, "Defendants'
 APA [# 14], P. 55 must be compared with [Watts's] APA page 4, in that on the
 [Watts's] version, it appears to the undersigned someone attempted to erase the
 checked 'No' as to whether the condition is work-related."
Watts appealed to the circuit
 court.  The circuit court found the documents referred to by Commissioner
 Barden were two different forms filled out on different dates, not the same
 form, as Commissioner Barden believed.  It noted neither party had asserted
 Watts or anyone else had attempted to alter the document.  Rather, Commissioner
 Barden had raised the issue herself to support her conclusion that Watts was
 not credible.  The circuit court found that due to Commissioner Barden's misperception
 of the documents, her decision was based upon "surmise, speculation, and
 innuendo," which constituted an error of law.  Holding the adage you
 cannot unring the bell applied, the court found Commissioner Barden's review
 would be prejudiced and a de novo hearing was necessary.  
However, the court also noted
 there was no indication the decision of the other commissioner who voted to
 deny Watts's claim was tainted by the misperception of the documents.  Thus,
 the court held as a matter of judicial economy it would not be appropriate to
 remand for a de novo hearing before a full panel.  Instead, the circuit court
 ordered Commissioner Barden's decision was reversed and remanded with
 instructions for the commission to appoint another commissioner to review the
 record and enter a decision on the appeal.  The Circuit Court allowed the
 decision of the other two commissioners to stand.  The court recognized, "Since
 the original decision was a vote of 2 to 1 to reverse the decision of the
 Hearing Commissioner based on the credibility of [Watts], the decision of this
 Hearing Commissioner will determine whether or not the decision of the Hearing
 Commissioner is reversed or is affirmed."  Employer appealed to this
 court.
LAW/ANALYIS
We hold the circuit court's
 order is not immediately appealable.  Our courts "have consistently held
 that an order of the circuit court remanding a case for additional proceedings
 before an administrative agency is not directly appealable."  Montjoy
 v. Asten-Hill Dryer Fabrics, 316 S.C. 52, 52, 446 S.E.2d 618, 618 (1994).  This
 court recently reiterated when the order on appeal remands the case to the
 commission for additional proceedings, the order is not a final judgment and is
 not immediately appealable.  Long v. Sealed Air Corp., 391 S.C. 483, 487,
 706 S.E.2d 34, 36 (Ct. App. 2011).  The court found support for its decision in CharlotteMecklenburg Hospital Authority v. South Carolina Department of
 Health and Environmental Control, 387 S.C. 265, 692 S.E.2d 894 (2010), in
 which the supreme court dismissed an appeal from the Administrative Law Court.  Long, 391 S.C. at 485, 706 S.E.2d at 35.  

 In Charlotte-Mecklenburg,
 the supreme court explained:  
 If
 there is some further act which must be done by the court prior to a
 determination of the rights of the parties, the order is interlocutory. A
 judgment which determines the applicable law, but leaves open questions of
 fact, is not a final judgment. A final judgment disposes of the whole subject
 matter of the action or terminates the particular proceeding or action, leaving
 nothing to be done but to enforce by execution what has been determined.

387
 S.C. at 267, 692 S.E.2d at 894-95 (citations omitted).
During the briefing stage of
 this appeal, Watts filed a motion to dismiss, which the court denied.[2] 
 Employer filed a return to the motion arguing the circuit court's order was
 appealable.  The Employer asserted the circuit court did not have the authority
 to dictate the review process of the Commission and the circuit court's review
 was limited to determining whether the Panel's decision was supported by
 substantial evidence in the record.  We find Employer's arguments pertain to
 whether the circuit court erred in its remand of the case and not whether its
 order is a final judgment.  The order on appeal does not dispose of the whole
 subject matter of the action or terminate the particular proceeding or action. 
 It is not a final judgment and is not immediately appealable.  
Employer also asserted this
 court should exercise jurisdiction because if it does not review the circuit
 court's unusual remand procedure, the issue might never be reviewed.  We
 disagree.  If the Employer remains unsatisfied with the decision on remand, it
 may raise the issue to the court when the final judgment is on appeal.  
We hold the
 circuit court's order is not immediately appealable.  Accordingly, the appeal
 is 
DISMISSED.
HUFF,
 WILLIAMS, and THOMAS, JJ., concur.  

[1] We decide
 this case without oral argument pursuant to Rule 215, SCACR.
[2] The court did
 not explain its reasoning in denying the motion and did not make a specific
 finding that the order was appealable.  Furthermore, "[i]ssues related to
 subject matter jurisdiction may be raised at any time."  In re November
 4, 2008 Bluffton Town Council Election, 385 S.C. 632, 637, 686 S.E.2d 683,
 686 (2009).  The lack of subject matter jurisdiction may not be waived, even by
 consent of the parties, and should be taken notice of by the appellate court.  Id.  Accordingly, the court's previous denial of the motion to dismiss does not
 prevent us from now finding the circuit court's order is not immediately
 appealable.