**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vennie Taylor Hudson, Respondent,

v.

Caregivers of South Carolina, LLC, and S.C. Workers' Compensation Uninsured Employers' Fund, Appellants.

Appellate Case No. 2011-184006

Appeal From Horry County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2012-UP-569
Heard September 13, 2012 – Filed October 24, 2012

**APPEAL DISMISSED**

Carmelo B. Sammataro, of Turner Padget Graham & Laney, P.A., of Columbia, for Appellant Caregivers of South Carolina, LLC.

Samuel T. Brunson, of Brunson Law Firm, of Florence, for Appellant S.C. Uninsured Employers' Fund.

Stephen B. Samuels, of Samuels Law Firm, LLC, of Columbia, for Respondent.

**PER CURIAM:**  Caregivers of South Carolina, LLC and the South Carolina Workers' Compensation Uninsured Employers' Fund appeal the order of the circuit court reversing the decision of the Appellate Panel of the Workers' Compensation Commission (Appellate Panel) and finding (1) Vennie Taylor Hudson was an employee, as opposed to an independent contractor, of Caregivers and, thus, eligible to receive workers' compensation benefits; and (2) Hudson's injuries arose out of and in the course and scope of her employment.  In its order, the circuit court reversed the Appellate Panel's order denying Hudson benefits and remanded the case for further proceedings.  Accordingly, it is not a final judgment, and we dismiss the instant appeal as interlocutory.  *See Bone v. U.S. Food Serv.*, Op. No. 27153 (S.C. Sup. Ct. filed Aug. 1, 2012) (Shearouse Adv. Sheet No. 26 at 113, 121) (affirming this court's order dismissing an appeal from the circuit court as interlocutory because the circuit court remanded the case to the Workers' Compensation Commission for further proceedings and noting that "a circuit court order remanding a matter to an agency is not a final judgment and it is not immediately appealable"), *reh'g granted* (Sept. 14, 2012); *see also Long v. Sealed Air Corp.*, 391 S.C. 483, 485-86, 706 S.E.2d 34, 35-36 (Ct. App. 2011) (holding that section 1-23-390 of the South Carolina Code (Supp. 2011), which is part of the Administrative Procedures Act, applies to appeals from the Workers' Compensation Commission and limits appellate review to "a final decision . . . .").  The order may be appealed after final judgment.

**APPEAL DISMISSED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**