**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Melissa Spalt, Respondent,

v.

South Carolina Department of Motor Vehicles and South Carolina Department of Public Safety, Defendants,

Of whom South Carolina Department of Motor Vehicles is the Appellant.

Appellate Case No. 2015-002535

———————————

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———————————

Unpublished Opinion No. 2016-UP-475
Submitted October 1, 2016 – Filed November 9, 2016

———————————

**APPEAL DISMISSED**

———————————

Frank L. Valenta, Jr., Philip S. Porter, and Brandy Anne Duncan, all of the South Carolina Department of Motor Vehicles, of Blythewood, for Appellant.

Michael Vincent Laubshire, of the Laubshire Law Firm, LLC, of Columbia, for Respondent.

———————————

**PER CURIAM:**  The South Carolina Department of Motor Vehicles appeals an order by the Administrative Law Court (ALC) reversing the Office of Motor Vehicle Hearings' decision to deny Melissa Spalt's motion for a continuance and dismiss her contested case challenging the implied consent suspension of her driving privileges.  Because the ALC's order is not a final decision, we dismiss this appeal.  *See Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control*, 387 S.C. 265, 266, 692 S.E.2d 894, 894 (2010) ("The right of appeal arises from and is controlled by statutory law."); *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors Div. of Unidynamics Corp.*, 319 S.C. 556, 558, 462 S.E.2d 858, 859 (1995) ("The general rule of statutory construction is that a specific statute prevails over a more general one."); *Charlotte-Mecklenburg*, 387 S.C. at 266, 692 S.E.2d at 894 ("[A]lthough [section] 14-3-330 permits appeals from interlocutory orders . . . , that section is inapplicable in cases where a party seeks review of a decision of the ALC because the more specific statute, [section] 1-23-610, limits review to final decisions of the ALC."); S.C. Code Ann. § 1-23-610(A)(1) (Supp. 2015) (providing for judicial review by this court of "a final decision" of the ALC); *Charlotte-Mecklenburg*, 387 S.C. at 267, 692 S.E.2d at 895 ("A final judgment disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined."); *id.* at 267, 692 S.E.2d at 894 ("If there is some further act which must be done by the court prior to a determination of the rights of the parties, the order is interlocutory.").

**APPEAL DISMISSED.**[1]

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.