1880

STATE WORKERS' COMPENSATION FUND, Respondent v. SOUTH CAROLINA SECOND INJURY FUND, Appellant (In re Warren M. Hunt v. South Carolina State Forestry Commission).

(426 S.E. (2d) 112)

Court of Appeals

*Brooks Shealy, Chief Counsel, S.C. Second Injury Fund,* Columbia, and *Edgar W. Dickson,* of *Williams & Williams,* Orangeburg, *for appellant.*

*Richard B. Kale, Jr.,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, and *E. Ros Huff, Jr.,* Columbia, *for respondent.*

Heard Aug. 25, 1992; Decided Oct. 26, 1992.

Reh. Den. / Refiled Dec. 9, 1992.

*Per Curiam:*

In September 1986 Warren M. Hunt (employee) brought a Workers' Compensation claim against his employer, the State Forestry Commission and its insurance carrier, the State Workers' Compensation Fund, for total disability from heart disease under South Carolina Code § 42-11-90. He prevailed and collected $90,906.

The carrier filed a request for reimbursement from the Second Injury Fund. At issue in this proceeding is the sole question of whether the employer's carrier is entitled to be reimbursed with second injury funds. The hearing commissioner found there was no second injury and denied reimbursement.

The State Fund appealed and the full commission affirmed. It then appealed to the circuit court which reversed, holding without addressing the Administrative Procedures Act or specifying new facts or conclusions of law that the Second Injury Fund must contribute. We reverse.

The fifty-eight year old employee worked at the State Forestry Commission from 1956 until disabled in 1986 for which he has collected compensation. While employed as a fire fighter, long before his disability, he was diagnosed as having a heart disease and arteriosclerosis. He continued to work for his same employer until 1986.

The gravamen of the hearing commissioner's and the full commission's ruling is to the effect that there was no second injury for which the employer's carrier was entitled to be reimbursed. They held in effect that there was a logical progression of the disease over a period of years.

Our cases are legion to the effect that administrative bodies such as the Workers' Compensation Commission are controlled by South Carolina Code Annotated § 1-23-380(g) (1976, as amended). Neither the circuit court nor this court may reverse findings of fact if there is substantial evidence to support.

While the employee experienced heart disease and arteriosclerosis prior to 1986, he continued to work at the same job, and there was no compensable accident for which compensation might be due. The only injury involved in this case is that occurring by reason of a disability in 1986. This is a typical case of one suffering a single compensatory injury as contemplated by the occupational disease statute. We agree with the hearing commissioner and with the full commission that there has been no "second injury." It is in the nature of all occupational disease cases that the disability arises over a period of time. Often there is no single incident to which the injury can be attributed.

The Second Injury Fund was created in 1972. *See* South Carolina Code Ann. § 42-9-400 (1976). Its purpose is to encourage employers to hire handicapped persons. It is designed to reimburse employers for subsequent injuries without penalizing them for employing persons who are handicapped. If the handicapped employee suffers a subsequent employment-related injury resulting in an award of workers' compensation

benefits, then the second employer or its carrier is entitled to partial reimbursement but only if it satisfies the applicable statutory requirements as stated by this Court in *Springs Industries v. South Carolina Second Injury Fund*, 296 S.C. 359, 372 S.E. (2d) 915 (1988):

> (1) When employed, the employee had a preexisting permanent physical impairment which constituted a hindrance to obtaining employment, S.C. Code Ann. Section 42-9-400(d) (1976);
> (2) the employer knew of employee's condition at the time employee was hired, S.C. Code Ann. Section 42-9-400(c) (1976); and
> (3) One of the two following conditions is satisfied:
>> (a) the subsequent injury combines with or aggravates the preexisting condition to cause 'substantially greater' liability for workers' compensation benefits than would have been caused by the subsequent injury alone, S.C. Code Ann. Section 42-9-400(a) (1976); *or*
>> (b) the second injury most probably would not have occurred but for the preexisting condition, S.C. Code Ann. Section 42-9-400(g) (1976).

The statute § 42-9-400, when compensation is due, requires the last employer to pay the award and medical benefits but such employer or his insurance carrier shall be reimbursed from the Second Injury Fund as created by § 42-7-310.

The facts in this case and the applicable law are similar to that declared by this Court in *American Motorist Insurance v. Second Injury Fund*, 300 S.C. 17, 386 S.E. (2d) 276 (1989). In that case we held that the carrier was not entitled to reimbursement. Therein we held as follows:

> Stated differently, we find that the situation that existed in 1982 was not aggravated by his work thereafter nor did the subsequent work combine with the preexisting impairment to bring about claimant's disability. There is evidence to the effect that the claimant's condition in 1983 was essentially the same as his condition in 1982, with no further aggravation or combination of subsequent events other than the logical progression of the disabling charac-

teristics of byssinosis. We therefore hold that there is of record more than substantial evidence to support the Commission's findings of fact.

Counsel argues that the case is more like that of *Springs* wherein reimbursement was allowed. In that case claimant Kinghorn had worked in a cotton mill from 1943 to 1970 when she developed breathing difficulties such as shortness of breath, wheezing, and a tightness in her chest. In 1973 she developed a chronic productive cough. In May of 1975, she, for the first time, began working for Springs Industries; nine month later she became totally disabled due to byssinosis, a form of chronic obstructive pulmonary disease. Medical testimony was to the effect that Kinghorn's byssinosis resulted from thirty-one years of exposure to cotton dust while working for a former employer. The doctor testified that her previous employment was the major cause of her present condition, and he concluded that her condition was permanent at the time she was hired by Springs Industries. This Court held that "but for" the preexisting impairment, her disability and subsequent injury would not have occurred.

Here the employee, though ailing, continued to work until 1986. There is substantial evidence warranting the finding of the hearing commissioner and the full commission that there was no second injury as contemplated by the statute.

Reversed.