24026

STATE WORKERS' COMPENSATION FUND, Petitioner v. SOUTH
CAROLINA SECOND INJURY FUND (In re Warren M. Hunt v.
South Carolina State Forestry Commission), Respondent.

(443 S.E. (2d) 546)

Supreme Court

*Richard B. Kale, Jr.,* of *Haynsworth, Marion, McKay and Guerard,* Greenville, and *Staff Atty. Holly S. Atkins* of *State Worker's Compensation Fund,* Columbia, both *for petitioner.*

*Brooks Shealy, Chief Counsel* of *S.C. Second Injury Fund,* Columbia, *for respondent.*

Heard Feb. 3, 1994.

Decided Apr. 18, 1994.

BRISTOW, Acting Associate Justice:

We granted rehearing to consider our opinion in this case. The prior opinion is vacated and the following substituted in its place.

We granted certiorari to review the Court of Appeals' opinion in *State Workers' Compensation Fund v. South Carolina Second Injury Fund,* — S.C. —, 426 S.E. (2d) 112 (Ct. App. 1992).

We reverse.

## FACTS

Warren M. Hunt (Hunt) was employed as a firefighter for the State Forestry Commission in 1956. He was diagnosed with coronary artery disease in 1974. His heart disease and arteriosclerosis rendered him totally disabled on January 1, 1986.[1] He did not, however, suffer any heart attack.

The State Workers' Compensation Fund (Carrier) paid Hunt's claim for total disability. The South Carolina Second Injury Fund (Fund) denied Carrier's claim for reimbursement; Single Commissioner and Full Commission affirmed. Circuit Court reversed, finding Carrier *was* entitled to reimbursement. Court of Appeals reversed, finding that Hunt had suffered no "second injury."

## ISSUE

Does Hunt's total disability from a known pre-existing occupational disease qualify as a "subsequent injury?"

---

[1]Hunt underwent coronary artery bypass surgery in February, 1986.

## DISCUSSION

Prior to implementation of Second or Subsequent Injury Funds, employers had a strong financial incentive to discharge handicapped workers who might bring upon them aggravated liability. 2 Larson, *Workmen's Compensation Law* § 59.31(a) (1993). The primary purpose of subsequent injury fund legislation is to encourage employers to hire handicapped persons, or to retain employees who become partially disabled in the course and scope of their employment. *Boone's Masonry Construction v. South Carolina Second Injury Fund,* 267 S.C. 277, 227 S.E. (2d) 659 (1976); *Jacksonville Shipyards v. Director,* 842 F. (2d) 1253 (11th Cir. 1988). *See also* Custy, *The Second Injury Fund: Encouraging Employment of the Handicapped Worker in South Carolina,* 27 SCL Rev. 661 (1976). It is designed to compensate employees fully for subsequent injuries without penalizing employers for employing them. *Springs Industries v. Second Injury Fund,* 296 S.C. 359, 372 S.E. (2d) 915, 916 (Ct. App. 1988).

The requirements for reimbursement from the South Carolina Second Injury Fund, pertinent to this case, are as follows:

1. An employee must have a permanent physical impairment from any origin [S.C. Code Ann. § 42-9-400(a) (1985)];
2. The employer retains the employee after knowledge of the prior impairment [S.C. Code Ann. § 42-9-400(c) (1985)];
3. The employee incurs a subsequent disability from injury by accident arising out of and in the course of his employment [S.C. Code Ann. § 42-9-400(a) (1985)];
4. The subsequent injury combines with or aggravates the preexisting condition to cause "substantially greater" disability than would have been caused by the subsequent injury alone [S.C. Code Ann. § 42-9-400(a) (1985)], *or*
5. The second injury most probably would not have occurred but for the preexisting condition [S.C. Code Ann. § 42-9-400(g) (1985)].

Fund stipulated that (1) Hunt's cardiac disease and arteriosclerosis are permanent physical impairments, and (2) that

Hunt had been retained in employment after his employer's knowledge of the impairment. Our inquiry, therefore, is limited to whether Hunt meets the remaining requirements.

■ Court of Appeals found that the only "injury" in this case occurred by reason of Hunt's 1986 disability, such that there had been no "second injury." This was error.

The title "Second Injury Fund" is, in fact, a misnomer. By its terms, it implies that, to qualify for Fund reimbursement, there must be *two* work-related injuries. It is clear, however, that a "prior disability" need not result from an industrial accident. *See Lawson v. Suwanee Fruit & S & S Co.*, 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1949).

Indeed, our statute lists as prior "permanent physical impairments" numerous diseases and congenital defects which, by their very nature, are neither "work-related" nor "injuries." *See* S.C. Code Ann. § 42-9-400(d). They are, nonetheless, pursuant to the statute, "prior impairments" entitling an employer to reimbursement upon subsequent disability.

Here, Hunt's arteriosclerosis and cardiac disease are, by statute, "permanent physical impairments" which are presumed to be a hindrance to employment or re-reemployment. S.C. Code Ann. § 42-9-400(d)(3) & (20). The statute then requires that the employee incur a "subsequent disability from injury by accident arising out of and in the course of his employment." S.C. Code Ann. § 42-9-400(a). In the case of firefighters, however, § 42-11-30 presumes that heart disease "arose out of and in the course of employment." Additionally, all occupational diseases are treated as "injuries by accident." Accordingly, Hunt's total disability from heart disease in 1986 qualifies as a subsequent disability arising out of his employment.

Fund contends that employers are only entitled to reimbursement if the "subsequent injury" takes the form of a heart attack, or some other observable, event-producing injury. We find no rational basis for distinguishing between one who is totally disabled by reason of a heart attack versus one disabled by heart disease. *See, generally*, 2 Larson, *Workmen's Compensation Law*, § 59.32; *Cf. Director v. Todd Shipyards*, 625 F. (2d) 317 (9th Cir. 1980) (no distinction between traumatic injuries and non-traumatic occupational diseases under Federal Longshoremen's and Harbor Workers' Comp. Act).

The present case is analogous to the Court of Appeals' opinion in *Springs Industries v. Second Injury Fund,* 296 S.C. 359, 372 S.E. (2d) 915. (1988). There, an employee worked in cotton mills from 1943 until 1970, at which time she developed breathing problems and, in 1973, a chronic cough. She went to work for Springs in 1975 and was totally disabled nine months later, due to byssinosis. The Court held that she "must have had" a permanent impairment at the time of employment, and that the preexisting impairment was a "but for" cause of the subsequent disability. 372 S.E. (2d) at 917. The *only* distinguishing factor in *Springs* is the fact that Springs was a second employer. Such a distinction is, however, irrelevant inasmuch as § 42-9-400(c) permits Fund reimbursement when an employer *retains* an employee with an impairment.[2]

Finally, we find that Hunt's total disability from heart disease in 1986 meets the "but for" test of Fund's liability under § 42-9-400(g). Clearly, but for Hunt's prior permanent heart disease, he would not have become totally disabled in 1989.

We hold that Employer has met all requirements for reimbursement from the Fund. Accordingly, the Court of Appeals' opinion is

Reversed.[3]

FINNEY, Acting C.J., TOAL and MOORE, JJ., and COSTA M. PLEICONES, Acting Associate Justice, concur.

---

[2] Fund conceded, at oral argument before this Court, that a second employment was not requisite to reimbursement.

[3] To the extend that the Court of Appeals' opinion in *American Motorists v. Second Injury Fund,* 300 S.C. 17, 386 S.E. (2d) 276 (Ct. App. 1989), is inconsistent with our holding, it is expressly overruled.