THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The South Carolina Second Injury Fund,       
Appellant
 
 
 

v.

 
 
 
Liberty Mutual Insurance Company,       
Respondent.
In Re:/Elmer F. Stewart,       
Claimant
 
 
 

v.

 
 
 
Bowater Incorporated,       
Employer.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2003-UP-052
Submitted November 20, 2002  Filed 
 January 16, 2003

AFFIRMED

 
 
 
Brooks Shealy, of Columbia; for Appellant.
Pope D. Johnson, of Columbia; for Respondent.
 
 
 

PER CURIAM:  Employer brought suit seeking 
 reimbursement from the South Carolina Second Injury Fund for payment made to 
 Elmer Stewart under a clincher agreement.  The single commissioner ordered the 
 fund to pay part of the costs, and the full commission and circuit court both 
 affirmed.  The fund appeals, arguing there could have been no aggravation of 
 the preexisting condition by the present injury.  
We affirm pursuant to Rule 220(b)(2), 
 SCACR and the following authorities: S.C. Code Ann. § 1-23-380(A)(6) (Supp. 
 2001) (substantial evidence standard); Lark v. Bi-Lo, 276 S.C. 130, 276 
 S.E.2d 304 (1981) (substantial evidence standard set forth in Administrative 
 Procedures Act governs appeals from Workers Compensation Commission); Tiller 
 v. Natl Health Care Ctr., 334 S.C. 333, 339-341, 513 S.E.2d 843, 846 (1999) 
 (Commission can review both lay and expert evidence and assign such weight as 
 it finds credible.); S.C. Code Ann. § 42-9-400 (1976 & Supp. 2001) (requirements 
 for reimbursement from Second Injury Fund); Liberty Mut. Ins. Co. v. S.C. 
 Second Injury Fund, 318 S.C. 516, 458 S.E.2d 550 (1995) (If carrier incurs 
 greater liability for compensation or medical payments as a result of preexisting 
 injury, he is entitled to reimbursement for greater payments.); State Workers 
 Compensation Fund v. S.C. Second Injury Fund, 313 S.C. 536, 443 S.E.2d 546 
 (1994) (Reimbursement was proper where claimant would not have been disabled 
 but for preexisting conditions and total disability qualified as subsequent 
 disability arising out of employment.). 
 [1] 
 AFFIRMED.
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 
 [1]           We decide this case without oral argument pursuant to Rule 
 215, SCACR.