718 S.E.2d 755

**Sharon L. BRUNSON, Appellant,**

v.

**AMERICAN KOYO BEARINGS, Employer, and Tokio Marine and Fire Ins. Co., Carrier, Respondents.**

No. 4908.

Court of Appeals of South Carolina.

Heard Sept. 12, 2011.

Decided Nov. 9, 2011.

Rehearing Denied Dec. 19, 2011.

Vernon F. Dunbar, of Greenville, for Appellant.

Dwana Flynn Looper and Adrianne L. Turner, both of Columbia, for Respondents.

WILLIAMS, J.

In this workers' compensation appeal, Sharon Brunson (Brunson) appeals the circuit court's order affirming the Appellate Panel of the Workers' Compensation Commission's (Appellate Panel) determination that Brunson did not suffer a compensable work-related injury. We affirm.

## FACTS/PROCEDURAL HISTORY

Brunson began working for her employer, American Koyo Bearings (Koyo), in March 1999 and claimed she began experiencing skin and respiratory problems in September 2001.

Brunson filed a workers' compensation claim against Koyo on April 16, 2002. Brunson alleged she sustained injuries to her lungs, skin, throat, voice box, and nasal passages as a result of exposure to certain chemicals and petroleum products while working on an assembly line at one of Koyo's manufacturing plants. As a result of this exposure, Brunson claimed she suffered from contact dermatitis, asthma, and vocal problems. In her Form 50, Brunson requested a finding on compensability, additional medical treatment, and payment of permanent and total disability benefits. In response, Koyo admitted Brunson suffered from contact dermatitis but denied she suffered any permanent impairment to other body parts and maintained she was not entitled to temporary total disability benefits.

After reporting her symptoms, Koyo referred her to one of its treating physicians, Dr. W.H. Whitley, who prescribed Brunson two topical ointments for her contact dermatitis and Darvocet for her pain. Dr. Whitley advised Brunson to wear gloves to avoid contact with the petroleum products and chemicals used by Koyo in its manufacturing process. While Dr. Whitley concluded the contact dermatitis was caused by exposure to chemicals, he did not believe Brunson's symptoms of chest congestion, hoarseness, and shortness of breath resulted from inhaling chemicals at Koyo. Dr. Whitley believed Brunson had "secondary gain objectives" and while contact dermatitis was a common problem at Koyo, Brunson was the only employee who had been sent to him complaining of chest congestion and hoarseness.

Soon thereafter, Brunson sought an independent evaluation from Dr. Douglas Markham, an allergy and asthma specialist. Dr. Markham diagnosed Brunson as having rhinitis and post-nasal drainage. In Dr. Markham's medical report, he concluded Brunson's health problems were related to her chemical exposure at Koyo based in part on the medical history she gave him, specifically her statement that she improved when she was out of work. Dr. Markham referred Brunson to Dr. Richard Sterling, an ear, nose, and throat specialist, for an evaluation. Dr. Sterling found no congenital basis or physical abnormalities for Brunson's ailments and did not treat Brunson for any problems related to her ear, nose, or throat.

Following a hearing on October 8, 2002, the single commissioner issued an order dated January 29, 2003, finding Brunson had proven by a preponderance of the evidence that she sustained compensable injuries to her lungs, nasal passage, vocal cords, and skin. The single commissioner awarded Brunson medical benefits and payment of temporary total disability benefits. Koyo appealed the single commissioner's order but did not challenge the compensability of the contact dermatitis. Upon review, the Appellate Panel vacated the single commissioner's order and remanded the case for a de novo hearing. Brunson appealed to the circuit court, which found her appeal was interlocutory because a substantial right had not been violated. The circuit court dismissed Brunson's appeal, whereupon she appealed to this court. This court agreed with the circuit court, dismissed Brunson's appeal, and remanded her case to the single commissioner.[1]

On February 7, 2007, the single commissioner conducted a de novo hearing on Brunson's claims. In her order, the commissioner found Brunson failed to establish she suffered a compensable work-related injury or a compensable occupational disease. To support her finding, the commissioner stated she did not find Brunson's testimony to be credible. Specifically, she found Brunson to be "extremely evasive on cross examination as to previous respiratory problems, answering most questions with the response that she could not 'remember' or that she could not 'recall.'" When Brunson was asked whether she had been exposed to chemicals in her previous employment at a wood laminate plant, Brunson stated that despite working for her prior employer for eight years, she could not recall whether she had been exposed to chemicals. The single commissioner noted Brunson had a family history of asthma and sinus problems and that she had been treated for respiratory problems prior to her employment with Koyo.

In reaching her decision, the single commissioner noted the testimony from several co-workers in her order. The witnesses testified on Brunson's behalf at the original hearing, and while two of the four witnesses did not testify at the de novo hearing, the parties stipulated their testimony from the

---

1. *Brunson v. Am. Koyo Bearings*, 367 S.C. 161, 623 S.E.2d 870 (Ct.App. 2005).

prior hearing would be substantially the same. All of Brunson's witnesses testified they noticed Brunson had a rash on her skin and had hoarseness and apparent breathing problems while working. After reviewing their testimony, the single commissioner found their testimony was not persuasive because each admitted they were friends with Brunson outside of work.

Based on medical evidence and other testimony adduced at the original and de novo hearing, the single commissioner concluded any respiratory problems were not causally related to her employment with Koyo. Furthermore, while Brunson's contact dermatitis was compensable through the date of the February 2007 hearing, the single commissioner concluded she failed to establish she developed a compensable work-related injury or occupational disease as a result of her employment. Brunson appealed to the Appellate Panel, which affirmed the single commissioner. The circuit court affirmed the Appellate Panel, and this appeal followed.

## STANDARD OF REVIEW

The Administrative Procedures Act (APA) establishes the standard for judicial review of workers' compensation decisions. *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010). Under the APA, this court can reverse or modify the decision of the Commission when the substantial rights of the appellant have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence considering the record as a whole. *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d 687, 689–90 (2010).

When the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive. *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct.App.2004). In workers' compensation cases, the Appellate Panel is the ultimate finder of fact. *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). "The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."

*Frame v. Resort Servs. Inc.*, 357 S.C. 520, 528, 593 S.E.2d 491, 495 (Ct.App.2004) (internal citation omitted).

## LAW/ANALYSIS

■ Brunson claims the circuit court erred in affirming the Appellate Panel's finding that Brunson's injuries to her lungs, bronchi, and nasal passages were not sustained during the course and scope of her employment. Specifically, Brunson asserts substantial evidence was presented in the form of expert medical testimony, medical evidence, and lay testimony to support the compensability of her claim. We disagree.

■ "The South Carolina Workers' Compensation Act requires that, to be compensable, an injury by accident must be one 'arising out of and in the course of employment.'" *Osteen v. Greenville Cnty. Sch. Dist.*, 333 S.C. 43, 49, 508 S.E.2d 21, 24 (1998); *see also* S.C.Code Ann. § 42–1–160(A) (Supp.2010). "[A]ll occupational diseases are treated as 'injuries by accident.'" *State Workers' Comp. Fund v. S.C. Second Injury Fund*, 313 S.C. 536, 538, 443 S.E.2d 546, 548 (1994). An occupational disease is one which develops over a period of time as opposed to an injury that is attributable to a one-time event. *See State Workers' Comp. Fund v. S.C. Second Injury Fund*, 310 S.C. 187, 189, 426 S.E.2d 112, 113 (Ct.App.1992), *rev'd on other grounds by State Workers' Comp. Fund v. S.C. Second Injury Fund*, 313 S.C. 536, 443 S.E.2d 546 (1994). Because Brunson claimed she developed respiratory problems as a result of continued exposure to chemicals at Koyo, she was required to establish the following six elements to recover benefits:

(1) A disease; (2) the disease must arise out of and in the course of the claimant's employment; (3) the disease must be due to hazards in excess of those hazards that are ordinarily incident to employment; (4) the disease must be peculiar to the occupation in which the claimant was engaged; (5) the hazard causing the disease must be one recognized as peculiar to a particular trade, process, occupation, or employment; and (6) the disease must directly result from the claimant's continuous exposure to the normal working conditions of the particular trade, process, occupation, or employment.

*Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 283, 519 S.E.2d 583, 591–92 (Ct.App.1999).

The circuit court found Brunson did not suffer a work-related injury to her lungs, bronchi, and nasal passages. In making this conclusion, the circuit court held that Brunson did not establish her asthma or the chemicals causing her asthma were peculiar to her occupation. Furthermore, the circuit court found Brunson did not prove her asthma was a direct result of her exposure to normal working conditions at Koyo.

Despite the circuit court's conclusion, Brunson contends she presented credible medical testimony to prove she suffered a compensable work-related injury. Brunson highlights Dr. Markham's medical reports and material data safety sheets that linked her asthma to her employment with Koyo; however, other competent evidence and testimony was presented to the contrary. *See Ballenger v. S. Worsted Corp.*, 209 S.C. 463, 467, 40 S.E.2d 681, 682–83 (1946) (finding that while medical testimony is entitled to great respect, the fact finder may disregard it if there is other competent evidence in the record). Dr. Markham explicitly based his opinion on Brunson's statements that she improved while out of work and that she had no prior history of asthma or breathing problems. However, Brunson's claim that she never suffered from respiratory issues was directly refuted by medical records documenting her respiratory complaints prior to her employment with Koyo. Although Dr. Markham reasonably relied on Brunson's statements in forming his opinion on the source of her asthma, we find his opinion is not conclusive, particularly when the single commissioner found Brunson was not credible and evaded questions regarding prior respiratory issues and corresponding treatment throughout her testimony.

Moreover, Dr. Whitley stated in his medical report that while the contact dermatitis was a common problem at Koyo, Brunson is the only patient he treated who complained of chest congestion and hoarseness from inhaling chemical fumes at Koyo. Unlike Dr. Markham, Dr. Whitley believed she had ulterior motives in pursuing her disability claim against Koyo and stated her health issues were strictly limited to

"simple contact dermatitis." [2] When conflicting medical evidence is presented, this court must not substitute its judgment for that of the fact finder, which in this case is the Appellate Panel. *See Mullinax v. Winn–Dixie Stores, Inc.,* 318 S.C. 431, 435, 458 S.E.2d 76, 78 (Ct.App.1995) ("Where the medical evidence conflicts, the findings of fact of the Commission are conclusive."); *see also Lockridge v. Santens of Am., Inc.,* 344 S.C. 511, 518, 544 S.E.2d 842, 846 (Ct.App.2001) (finding when one doctor attributed employment to injury and another doctor could not testify unequivocally about the source of employee's injury, the Appellate Panel had the discretion to weigh the testimony and deny the employee's claim). Because of the conflicting evidence regarding the source of Brunson's respiratory problems and our limited standard of review, we decline to find the circuit court abused its discretion in affirming the Appellate Panel on this issue. *See Ballenger,* 209 S.C. at 466–67, 40 S.E.2d at 682 (finding the Appellate Panel is given discretion to weigh and consider all the evidence, both lay and expert, when deciding whether causation has been established and while medical testimony is entitled to great respect, the fact finder may disregard it if there is other competent evidence in the record); *see also Jones v. Harold Arnold's Sentry Buick, Pontiac,* 376 S.C. 375, 378, 656 S.E.2d 772, 774 (2008) (internal citation omitted) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.").

Brunson also contends she presented credible lay testimony to substantiate her claims. At the de novo hearing, the single commissioner discredited Brunson's testimony. The commissioner stated:

Claimant's testimony before this Commissioner was not credible. I base this finding on my observations of the Claimant and on the delivery of her testimony. Claimant

---

2. In reviewing Dr. Whitley's testimony, we do not condone his unprofessional remarks in Brunson's medical treatment reports. However, we find his professionalism goes to the weight of his testimony and to his credibility. *Tiller v. Nat'l Health Care Ctr. of Sumter,* 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999) ("Expert medical testimony is designed to aid the Commission in coming to the correct conclusion; therefore, the Commission determines the weight and credit to be given to the expert testimony.").

was extremely evasive on cross examination as to previous respiratory problems, answering most questions with the response that she could not "remember" or that she could not "recall."

Because the single commissioner had the benefit of observing Brunson before reaching her decision, we cannot say the Appellate Panel and the circuit court erred in adopting the single commissioner's finding on this issue. *See Fishburne v. ATI Sys. Int'l,* 384 S.C. 76, 90, 681 S.E.2d 595, 602 (Ct.App. 2009) (internal citation omitted) ("It is logical for the [Appellate Panel], which did not have the benefit of observing the witnesses, to give weight to the Hearing Commissioner's opinion.").

Moreover, while Brunson claims it was error to disregard the testimony of certain lay witnesses who testified on her behalf, it was again within the single commissioner's discretion, and ultimately that of the Appellate Panel, to assess the witnesses' credibility and weigh their testimony in reaching a decision.[3] *See Resort Servs. Inc.,* 357 S.C. at 528, 593 S.E.2d at 495 (internal citation omitted) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."). Although Brunson's supervisor and co-workers testified Brunson's respiratory problems improved when she did not work in areas where she was exposed to chemicals, each admitted they socialized with Brunson outside of work. In addition, Brunson's supervisor stated he did not know what caused her respiratory problems. After hearing their testimony, the single commissioner found their

---

3. Brunson also claims the single commissioner lacked the jurisdiction on remand to make any credibility findings by virtue of Koyo's failure to challenge these witnesses' credibility and testimony in its initial appeal to the Appellate Panel. While Brunson is not required to relitigate unchallenged findings, the compensability and source of Brunson's respiratory issues were at issue in the de novo hearing, which necessarily includes any evidence and testimony pertaining to that issue. *See Brunson,* 367 S.C. at 165, 623 S.E.2d at 872 ("Brunson, however, is not required to relitigate unchallenged findings—which are law of the case—including Employer's admission in connection with the contact dermatitis injury."); *see also Green v. City of Columbia,* 311 S.C. 78, 80, 427 S.E.2d 685, 687 (Ct.App.1993) ("The findings of fact and law by the hearing commissioner become and are the law of the case, unless within the scope of the appellant's exception to the full commission . . . .").

testimony unpersuasive, and the Appellate Panel agreed with this conclusion. *See Stone v. Traylor Bros.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App.2004) ("In an appeal from the [Appellate Panel], neither this court nor the circuit court may substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law."). While this court may have weighed the evidence differently, we are cognizant that this court is not the ultimate fact-finder. *See Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160–61, 519 S.E.2d 102, 105–06 (1999) (finding this court erred in substituting our judgment for that of the Appellate Panel because it was within the Appellate Panel's discretion, as the ultimate fact-finder, to discount medical evidence and choose between conflicting lay testimony in denying the compensability of an employee's claim). Despite evidence in the record that would have permitted the single commissioner to find Brunson suffered a compensable work-related injury, there is also evidence which would allow reasonable minds to reach the conclusion she reached. *Id.* at 161, 519 S.E.2d at 106 ("Although there was evidence from which the Commissioner could have gone the other way, there is also clearly evidence which would allow reasonable minds to reach the conclusion he reached.").

## CONCLUSION

Accordingly, the circuit court's decision is

**AFFIRMED.**

SHORT and GEATHERS, JJ., concur.