THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Employee
 Solutions, Inc. and AIG Claim Services, Appellants,
 
 
 

v.

 
 
 
 South Carolina
 Second Injury Fund, Respondent.
 
 
 

Appeal From Georgetown County
 Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No.  2011-UP-567  
 Submitted December 1, 2011  Filed December
20, 2011
Withdrawn, Substituted and Refiled January
30, 2012

AFFIRMED

 
 
 
 Grady L. Beard and Nicolas L. Haigler,
 both of Columbia, for Appellants.
 Lisa C. Glover, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Employee
 Solutions, Inc. and AIG Claims Services (collectively Employer) appeal the
 circuit court's order affirming the Appellate Panel of the South Carolina
 Workers' Compensation Commission's (Appellate Panel) denial of Employer's
 request for reimbursement from the South Carolina Second Injury Fund (Fund). 
 On appeal, Employer argues the Appellate Panel erred in finding (1) Welch's Reactive
 Airways Dysfunction Syndrome (RADS) was a
 work-related injury and (2) Welch's Gastroesophageal Reflux Disease (GERD) did
 not hinder his ability to seek employment. We affirm.[1]
The
 purpose of the Second Injury Fund is to provide a financial incentive to
 employers "to hire handicapped persons, or to retain employees who become
 partially disabled in the course and scope of their employment."   State
 Workers' Comp. Fund v. S.C. Second Injury Fund, 313 S.C. 536, 538, 443
 S.E.2d 546, 547 (1994).  "It is designed to compensate employees
 fully for subsequent injuries without penalizing employers for employing
 them."  Id.  Section 42-9-400(a) of the South Carolina Code (2000)
 permits the Fund to reimburse employer for workers' compensation claims when an
 employee suffers from a permanent physical impairment and liability was
 substantially increased due to a subsequent injury or aggravation of the permanent
 physical impairment.  The employer must establish that when the claim is made
 for reimbursement "the employer had knowledge of the permanent physical
 impairment at the time that the employee was hired, or at the time the employee
 was retained in employment after the employer acquired such knowledge." §
 42-9-400(c).  However, the employer may qualify for reimbursement upon proof
 that the employer did not have knowledge of the permanent physical impairment
 due to employee's concealment of the impairment or the impairment was unknown
 to the employee.  Id.  
We find
 substantial evidence exists to support
 the Appellate Panel's finding that RADS was a work-related injury and not a permanent
 physical impairment.  See S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2010)
 (providing this court must affirm a decision of the Appellate Panel if it is
 supported by substantial evidence).  In fact, no evidence exists in the record
 indicating Welch ever suffered from other pulmonary diseases.  His medical
 records from 1982, 1983, 1987, 1993, and 1997 all indicated Welch's lungs were
 functioning normally and without any chronic illnesses.  Additionally, Dr. Eric
 Moore, Dr. Wayne C. Vial, Dr. Robert L. Galphin, Jr., and Dr. Roger A. Russell
 all believed Welch's RADS was a work-related condition caused by his long-term
 exposure to hazardous materials.[2]  
We also find the Appellate
 Panel did not err in finding that Welch's GERD did not hinder his ability to
 work.  Although Dr. Galphin stated he did not know what impact GERD had on
 RADS, he never concluded that it contributed to Welch's disability. 
 Furthermore, no additional evidence exists that GERD might have contributed to Welch's
 unemployment.  Moreover, Welch has suffered from GERD for some time, and it
 never limited his ability to work.  Additionally, no doctor attributed Welch's
 inability to work or his other medical conditions to GERD.  Instead, they
 determined the RADS was caused by Welch's exposure to the sulfuric acid and the
 brain injury was caused by the exposure to aluminum sulfate.  
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Furthermore, we find Employer's reliance on Springs
 Indus., Inc. v. South Carolina Second Injury Fund, 296 S.C. 359, 36-64, 372
 S.E.2d 915, 917-18 (Ct. App. 1988), in arguing that Welch's RADS is a
 pre-existing permanent impairment is unpersuasive.  In Springs, this
 court permitted reimbursement from the Fund for a new employer because the employee's
 permanent physical impairment developed over an extensive period of time while
 working for another cotton mill.  Id.  However, this case is
 distinguishable because Welch was continuously employed by the same employer
 for over twenty years during which he received daily exposure to hazardous
 materials.