**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael W. Dority, Claimant, Appellant,

v.

CTR of the Carolinas, Inc., et al., Employer, and Twin City Fire Insurance Company, Carrier, Respondents.

Appellate Case No. 2014-000225

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2015-UP-271
Heard May 6, 2015 – Filed June 3, 2015

**AFFIRMED**

Jeffrey T. Eddy, of Jeffrey T. Eddy, Attorney at Law, LLC, of Charleston, for Appellant.

Jason Alexander Griggs, of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondents.

**PER CURIAM:** Michael Dority appeals the Appellate Panel of the Workers' Compensation Commission's order affirming the single commissioner's (collectively the Commission's) determination that Dority did not suffer a compensable occupational disease as defined by the Workers' Compensation Act

(Act) and its failure to consider the accidental injury provisions of the Act.  We affirm.

1.   We find the Commission did not err in finding Dority failed to prove he suffered a compensable occupational disease.

Appellate "review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law." *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 610-11 (Ct. App. 2004).  Section 42-11-10(A) of the South Carolina Code (2015) defines an occupational disease as a "disease arising out of and in the course of employment that is due to hazards in excess of those ordinarily incident to employment and is peculiar to the occupation in which the employee is engaged."  Section 42-11-10(B) states:

> No disease shall be considered an occupational disease when it: . . . (5) is any disease of the cardiac, pulmonary, or circulatory system *not resulting directly from* abnormal external gaseous pressure exerted upon the body or the natural entrance into the body through the skin or natural orifices thereof of *foreign organic or inorganic matter under circumstances peculiar to the employment and the processes utilized therein.*

(emphases added).  In order to receive workers' compensation benefits for having contracted an occupational disease, a claimant must prove the following six elements: (1) a disease; (2) the disease "*must arise out of and in the course of* the claimant's employment"; (3) the disease is due to hazards in excess of those hazards that are ordinarily incident to employment; (4) the disease is peculiar to the occupation in which the claimant was engaged; (5) the hazard causing the disease is one recognized as peculiar to a particular trade, process, occupation, or employment; and (6) the "*disease must directly result from* the claimant's continuous exposure to the normal working conditions of the particular trade, process, occupation, or employment."  *Brunson v. Am. Koyo Bearings*, 395 S.C. 450, 456, 718 S.E.2d 755, 759 (Ct. App. 2011) (emphases added) (quoting *Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 283, 519 S.E.2d 583, 591-92 (Ct. App. 1999)).

We begin by explaining our interpretation of the Commission's findings. Although not explicitly stated, we read the Commission's order as finding Dority suffers from idiopathic pulmonary fibrosis (IPF).[1] After finding both Dr. Gregory Feldman and Dr. Victor Roggli diagnosed Dority with IPF, the Commission gave greater weight to Feldman's and Roggli's "causation" opinions before concluding Dority failed to meet his burden of proving a compensable occupational disease. Most importantly, in both its findings of fact and conclusions of law, the Commission states Dority failed to prove a compensable occupational disease and recites section 42-11-10 (B) almost verbatim. Accordingly, the Commission determined the cause of Dority's disease is unknown, and thus Dority did not provide a causal connection between his lung disease and his conditions of employment.

We find the Commission did not err as to this issue. The record includes conflicting evidence demonstrating Dority's lung disease is causally related to his employment, and the Commission resolved the conflict in Respondents' favor. Substantial evidence supports the Commission's decision; therefore, we affirm. *Hargrove*, 360 S.C. at 289, 599 S.E.2d at 610-11; *Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999) ("Expert medical testimony is designed to aid the Commission in coming to the correct conclusion; therefore, the Commission determines the weight and credit to be given to the expert testimony."); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 85-86, 681 S.E.2d 595, 600 (Ct. App. 2009) (stating the Commission is the sole fact finder in workers' compensation cases and any questions of credibility of witnesses must be resolved by the Commission). Because we find the Commission did not err as to this issue, we decline to reach Dority's argument that he must "only prove the CTR employment was of a kind contributing to the disease" once he established he suffered from a compensable occupational disease. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address other issues the appellant raised because resolution of a prior issue was dispositive).

---

[1] Dority argues in his brief that "the Finding of Idiopathic Pulmonary Fibrosis (IPF) is Clearly Erroneous in View of the Reliable, Probative and Substantial Evidence on the Whole Record." Therefore, Dority essentially concedes the Commission found the cause of his lung disease is unknown.

2.  We find the Commission did not err in declining to consider whether Dority's lung disease is compensable under the Act's accidental injury provisions.  Pursuant to section 42-11-40 of the South Carolina Code (2015),

> [T]he disablement or death of an employee resulting from an occupational disease shall be treated as an injury by accident and the employee . . . shall be entitled to compensation as for an injury under this title, except as otherwise provided in this chapter . . . .  In no case shall an employer be liable for compensation for an occupational disease *unless such disease was contracted* by the employee while in the employ of the employer *as a direct result of the employment*.

(emphases added).  As discussed above, Dority failed to meet his burden of showing his lung disease was contracted as a direct result of his employment.

**AFFIRMED.**

**FEW, C.J., and HUFF, J., and CURETON, A.J., concur.**