**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Arrowpoint Capital Corporation/Arrowood Indemnity Co., Appellant,

v.

South Carolina Second Injury Fund, Respondent.

[In Re: C.L. Williams, Employee/Claimant,

v.

Yuasa Exide, Incorporated, Employer]

Appellate Case No. 2014-002214

———————

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-228
Heard January 25, 2017 – Filed May 31, 2017

———————

**REVERSED**

———————

Vernon F. Dunbar, Stephanie Lamb Pugh, and Ashley R. Forbes, all of McAngus Goudelock & Courie, LLC, of Greenville, for Appellant.

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Respondent.

---

**PER CURIAM:**  Arrowpoint Capital Corporation (Carrier) appeals the circuit court's order affirming the Appellate Panel of the Workers' Compensation Commission's (the Commission's) denial of Carrier's claim for reimbursement from the Second Injury Fund (the Fund).[1]  Carrier argues the circuit court erred in denying its claim for reimbursement because Carrier met all elements for Fund reimbursement pursuant to section 42-9-400 of the South Carolina Code (2015). We reverse.

The circuit court committed an error of law in interpreting section 42-9-400(a) to preclude reimbursement.  *See Thompson v. S.C. Steel Erectors*, 369 S.C. 606, 612, 632 S.E.2d 874, 878 (Ct. App. 2006) ("The appellate court may reverse or modify the Commission's decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Springs Indus., Inc. v. S.C. Second Injury Fund*, 296 S.C. 359, 364, 372 S.E.2d 915, 918 (Ct. App. 1988) (holding "the only reasonable conclusion to be drawn from the substantial evidence in the record is that Springs Industries is entitled to reimbursement from the Second Injury Fund").

Section 42-9-400(a) provides,

> If an employee who has a permanent physical
> impairment from any cause or origin incurs a subsequent
> disability from injury by accident arising out of and in
> the course of his employment, resulting in compensation
> and medical payments liability or either, for disability

---

[1] The Legislature funded the Second Injury Fund on a continuing basis through "equitable assessments" upon insurance carriers, self-insurers, and the State Accident Fund.  S.C. Code Ann. § 42-7-310(d)(2) (2015).  In 2007, the Legislature terminated the Fund effective July 1, 2013, and tasked the State Fiscal Accountability Authority with the "orderly winding down of the affairs of the fund so that the remaining liabilities of the fund are paid utilizing assessments, accelerated assessments, annuities, loss portfolio transfers, or such other mechanisms as are reasonably determined necessary to fund any remaining liabilities of the fund."  S.C. Code Ann. § 42-7-320(A) (Supp. 2016).

> that is substantially greater and is caused by aggravation of the preexisting impairment than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall pay all awards of compensation and medical benefits provided by this title; but such employer or his insurance carrier shall be reimbursed from the Second Injury Fund . . . .

In reversing, we are bound by our supreme court's holding in *State Workers' Compensation Fund v. S.C. Second Injury Fund*, 313 S.C. 536, 539–40, 443 S.E.2d 546, 548 (1994) (determining a firefighter's "total disability from heart disease in 1986 qualifie[d] as a subsequent disability arising out of his employment" and reversing this court's denial of reimbursement). There, the State Workers' Compensation Fund successfully pursued Second Injury Fund reimbursement when a Forestry Commission firefighter diagnosed with coronary artery disease in 1974 was subsequently rendered totally disabled due to arteriosclerosis and cardiac disease. *Id.* at 537, 443 S.E.2d at 547. In effect, the supreme court concluded the firefighter's occupational cardiac disease, as aggravated by the hazards of his work, constituted both a preexisting condition and subsequent injury. *See id.* at 539, 443 S.E.2d at 548 (holding separate work-related injuries are not required for reimbursement, and "a 'prior disability' need not result from an industrial accident").

C.L. Williams's (Claimant's) case is analogous. Section 42-9-400(a) provides for reimbursement if an "employee who has a permanent physical impairment from any cause or origin incurs a subsequent disability from injury by accident arising out of and in the course of his employment." Claimant's medical records—kept internally by his employer—demonstrate that, as early as 1983, Claimant was continually exposed to lead; he was terminated for health-related reasons in 1998. During oral argument, the parties conceded "everything that manifested itself manifested itself and was caused by his twenty-five year exposure to lead." Thus, the circuit court's interpretation of section 42-9-400(a) to preclude reimbursement conflicts with our supreme court's analysis in *State Workers' Compensation Fund*.

Additionally, Carrier satisfies the remaining reimbursement factors that

> 1. An employee must have a permanent physical impairment from any origin;

2. The employer retains the employee after knowledge of the prior impairment;

3. The employee incurs a subsequent disability from injury by accident arising out of and in the course of his employment;

4. The subsequent injury combines with or aggravates the preexisting condition to cause "substantially greater" disability than would have been caused by the subsequent injury alone, *or*

5. The second injury most probably would not have occurred but for the preexisting condition.

*State Workers' Comp. Fund*, 313 S.C. at 538, 443 S.E.2d at 547–48 (citations omitted).

Relying upon our supreme court's analysis in *State Workers' Compensation Fund*, we conclude the only reasonable inference to be drawn from the substantial evidence in the record here is that Claimant's hypertension, diabetes, chronic obstructive pulmonary disease, cardiomyopathy, pulmonary disease, arterial sclerosis, and renal insufficiency combined with or aggravated the preexisting condition suffered from prolonged heavy metal exposure to cause "substantially greater" disability than would have been caused by any single subsequent condition alone. Such permanent physical impairments as listed in section 42-9-400(d) are presumed to be permanent and "a hindrance or obstacle to employment or reemployment."

Substantial evidence in the form of internal medical records establishes Claimant's employer had knowledge of his lead exposure dating back to the 1980s. Claimant was terminated for health-related reasons in 1998, and two doctors asserted in unchallenged medical questionnaires that Claimant's continued exposure to lead aggravated or combined with his preexisting conditions to render him permanently disabled. Accordingly, we reverse the circuit court's order denying Carrier reimbursement.

**REVERSED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**